[PHILADELPHIA, FEBRUARY 17, 1834.]

## BAER *against* KISTLER.

### IN ERROR.

A prothonotary, in entering judgment on a bond accompanied by a warrant of attorney, according to the provisions of the act of assembly of 24th *February*, 1806, is not the agent of either party, or of the law, and the payment of the money by the debtor to him, is a mispayment, and does not discharge the debt.

IT appeared from the record of this case, returned on a writ of error to the Court of Common Pleas of *Lehigh* county, that *C. L. Hutton* was, on the 23d of *December*, 1826, commissioned prothonotary of *Lehigh* county, and on the 26th of the same month entered into a bond to the commonwealth, with security, in the sum of $4500, conditioned that he should " in all things well and faithfully execute the duties of his office, and pay over moneys to the state treasurer," &c. On the 2nd of *February*, 1830, judgment was entered by him on a bond given by the defendant below, the plaintiff in error, to the plaintiff below, the defendant in error, dated 1st of *February*, 1830, in the penalty of four hundred and ten dollars and thirty cents, conditioned for the payment of two hundred and five dollars and fifteen cents, on the 2nd of *March*, 1830. The judgment was entered of *February* term, 1830, by virtue of a warrant of attorney accompanying the bond, under the provisions of the act of the 24th of *February*, 1806. On the day on which the judgment was entered, *Hutton* gave to the plaintiff below a receipt for the bond, which was left in the office of the prothonotary. On the 26th of *March*, 1830, the defendant below paid to the prothonotary or to his clerk, two hundred and two dollars the balance due on the judgment, and also sixty-two cents, the fees for entering it, took the receipt of the prothonotary's clerk for the amount paid, received the bond, and cancelled it. In *February*, 1831, the obligee went to the prothonotary's office to receive his

(Baer *v.* Kistler.)

money, but *Hutton* had been previously removed from office, and had died insolvent.    The plaintiff below issued a *fi. fa.* on his judgment on the 10th of *May*, 1832, and on the return day of the writ an application was made to set it aside, on the ground that, by the payment, delivering up, and cancelling of the bond, in the manner above stated, the defendant below was discharged.    The court, on this application, ordered an issue to try the question of payment and discharge, and a case was stated, in the nature of a special verdict, embodying the facts above stated.

In pronouncing the judgment of the Court of Common Pleas, the President Judge stated the question submitted to him to be, whether the prothonotary had a right to receive the money upon the judgment which he had entered, and whether the payment made by the defendant was legally made, so as to protect him from all claims on the part of the plaintiff for the amount of the judgment.

His opinion was, that it was not the duty of the prothonotary to receive the money : That the condition of his official bond did not embrace the transaction : That he had no legal right nor any authority from the plaintiff to receive the money : That if the prothonotary was the agent of any one, he was the agent of the defendant, and for his default the defendant must suffer : That the defendant was not protected by the payment of the money to the prothonotary, as it was never paid to the plaintiff, and that judgment must be entered in his favour, for the amount of the judgment and interest.

Judgment having been entered in conformity with the opinion of the court below, the defendant removed the record by writ of error to this court, where the cause was argued by *Brooke*, for the plaintiff in error, who cited *Commonwealth* v. *Clarkson*, 1 *Rawle*, 291.    *Carmack* v. *Commonwealth*, 5 *Binn*. 184.

*Gibbon* and *J. Sergeant* were stopped by the court.

Per Curiam——This is one of those cases about which nothing is to be said, but to pronounce the law.    Without then determining what may be the liability of the prothonotary's sureties—a point not before us—it is sufficient for the occasion to say, that the officer was not the agent either of the party or the law, and that the receipt by him involved the debtor in a mispayment, which consequently cannot be set up as a discharge of the debt.

                                        Judgment affirmed.