COLUMBUS C. DEWITT V. WILLIAM DUNN AND OTHERS.

The Statute (Hart. Dig. Art. 1332) provides that "it shall be the duty of the "Sheriff to endorse on each execution, the day on which it came into his hands; "and if he received more than one on the same day, and against the same per- "son, he shall number them as received; and on failure, he shall be liable "to pay twenty per cent. on the amount of the execution, together with such "damages as the plaintiff in execution may sustain by such failure to number, "to be recovered" by motion; Held, that the penalty was not incurred by a failure to date or number where it did not appear that more than one execution had been received.

A motion against a Sheriff and his sureties for failure of the former to pay over money collected on execution, under the Statute, (Hart. Dig. Art. 1333,) must be made in the county from which the execution issued.

Appeal from Guadalupe. The execution was issued from Gonzales county to the Sheriff of Guadalupe county, and the motion was made in the latter county.

*J. Ireland,* for appellant.

*W. B. Leigh,* for appellees.

HEMPHILL, CH. J. This was a motion against the Sheriff and his sureties, to recover statutory damages, for failure to endorse upon an execution the day on which it came to his hands, and also for failure to pay over the amount collected on said execution. The defendants excepted on three special grounds, viz :

1st. That the mere neglect of the Sheriff to endorse on an execution the time it came into his hands, does not render him and his sureties liable for the amount of the execution.

2d. There is no averment that the Sheriff received more than one execution on the same day, and that he neglected to number them as received.

3d. Because, if the Sheriff had collected the amount of the execution and refused to pay over the same, the Court had no jurisdiction over the subject matter, the execution having issued from the Court of another county, viz : the county of Gonzales, and that said Court alone had jurisdiction.

The exception was sustained, the motion dismissed, and the plaintiff sued out his writ of error.

The first ground for the motion, viz : that the Sheriff did not endorse the date of its being received, on the execution, is founded on Art. 1332, which declares that the Sheriff shall endorse on each execution the day on which it came into his hands ; and if more than one have been received on the same day against the same person, he shall number them as received, and on failure he shall be liable to pay twenty per cent. on the amount of the execution, together with such damages as the plaintiff in execution may sustain by such failure to number, to be recovered on motion by the plaintiff from the Sheriff and his sureties.

It will be perceived that though the Sheriff is required to endorse upon an execution the date at which it was received, yet no penalty is attached to the failure, which the plaintiff can enforce by motion. The penalty prescribed in the petition

is for failure, where several executions 'have been received against the same person, to number them as received. But this ground is not assumed in the motion, consequently there is no foundation for the recovery which is allowed under this Section. The Sheriff is not charged with the only dereliction which, under the section, is cognizable on motion.

The proceeding by motion is summary in its character, and the Statute which authorizes it can receive no latitude of construction, as against the party subjected to its operation. And more especially is the rule of strict construction imperative, when, by summary proceeding, it is attempted to inflict penalties of an onerous and oppressive character. The plaintiff seeks by this motion to recover twenty per cent. on the amount of the execution, for failure to endorse the day on which it was lodged, without averring any damage from such failure, and in fact showing that there could have been no damage, the Sheriff having collected the money on said execution. The alleged failure to pay over the money is a ground for an additional claim of ten per cent. per month, and without considering whether, in any case, these cumulative damages would be allowed, the very pretension to them is sufficient to authorize the defendants to invoke the benefit of a strict construction. Though that is not necessary in this case, for the plain meaning of the Statute is, that the penalty of twenty per cent. should follow, on the failure to number the execution, and not on the failure to endorse the day on which it was received.

There was, therefore, no error in sustaining the demurrer, on the first and second grounds of exception.

Nor was there any error, in sustaining the exception to the jurisdiction of the Court. The motion for failure to pay over money collected on execution, is, by Art. 1333, Hart. Dig. authorized to be made before the Court from which the execution issues. The direction to bring it in that Court excludes the

jurisdiction of any other Court. The demurrer was therefore rightly sustained, and the judgment is affirmed.

Judgment affirmed.