## THE BANK OF GEORGETOWN *vs.* AULT & AULT.

A Clerk of the Superior or Inferior Court is not authorized, by Law, to collect money on judgments or executions obtained in, or sued out of, their respective Courts, and a payment made to a Clerk, on a judgment or execution, is not good as a payment against the plaintiff.

Illegality, in Whitfield Superior Court. Decided by Judge WALKER, at the May Term, 1860.

The record in this case presents the following state of facts, to wit:

On the 16th of January, 1860, a writ of *fieri facias* was issued by the Clerk of the Superior Court of Whitfield county, in favor of the Bank of Georgetown, against Robert W. Ault and James A. Ault. On the 7th of February, 1860, whilst the *fi. fa.* was still in the clerk's office, one of the defendant's paid to John W. Anderson, the clerk, fifty dollars, on the *fi. fa.*, and took the clerk's receipt therfor. On the 13th of February, the clerk died. On the 1st day of March, 1860, the *fi. fa.* was placed in the hands of the

sheriff, when the defendants paid the sum due on the *fi. fa.* except the fifty dollars paid to the clerk, and filed an affidavit of illegality to the *fi. fa.*, on the ground of payment.

The presiding judge, in the Court below, decided: "That the payment of the fifty dollars to the clerk was a valid and legal payment on the *fi. fa.*, and that the plaintiff was bound by it, and that the *fi. fa.* was proceeding illegally against the defendants."

This decision is the error assigned.

AKIN, by LESTER, for the plaintiff in error.

McCUTCHEON & POPE, by JACKSON, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

Was the decision of the Court below—that a payment to a clerk of the Superior Court on a judgment or execution sued out in that Court was a good payment against the plaintiff—right? We think not. It is no part of the duties of the clerk to collect money for plaintiffs on judgments or executions. It is his duty to issue the process of the Court for its collection, but not to collect the money on it. He has no more authority to make the collection than the judge who presides in the cause, or the jury who gives the verdict. It is argued, that because he is made subject to be ruled for money in his hands, by various statutes, that his authority to collect may be inferred from such enactments. We think not. It is true, that the clerk is subject to rule for money, but this must be understood with reference only to such money as he is, by law, authorized to receive and to hold, subject to the order of the Court. For instance: he is authorized to collect costs in appeals, and in various other instances, for himself and for the other officers of the Court. When a tender is made and the money is brought into Court, he is the person to receive and hold it to abide the judgment of the Court. There are a great many instances where a fund is brought into Court, and while there forms the subject of litigation. In all such cases the Court may order the money into the custody of the clerk, or of a receiver specially appointed for that purpose. Whenever money, in this way, or in any other, in the performance of the duties

of his office, comes into the hands of the clerk, he is subject to the rule of the Court, to pay out the money according to its order. But this does not make him the agent of the plaintiff to collect money for him. Nor is the plaintiff bound by any such act, outside the duties of the office.

We have no doubt but that, if the plaintiff chose to ratify an act of collection by the clerk, the money could be ruled out of his hands by the Court; nor, as in this case, but that he could be ruled by the defendant for this collection, as any officer of the Court might be, who had improperly received money in his hands, under color of office.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be reversed. The Court erred in holding that "the payment of fifty dollars to the clerk, was a valid and legal payment on the *fi. fa.,* and that the plaintiff was bound by it, and that the *fi. fa.* was proceeding illegally against the defendant," this Court holding that the clerk of the Superior Court is not authorized, by law, to receive or collect money for the plaintiff on judgments or executions obtained in, or issuing from, that Court.