JUANA DE LA GARZA, EXECUTRIX, &c. v. JOHN S. BOOTH.

The remedy by motion against a sheriff and his sureties, authorized by the 10th section of the act about executions, for the failure or refusal of the officer to pay over money collected on execution, is not cognizable in any other court than that from which the execution issued. (Paschal's Dig., Art. 3781, Note 872, and Note 533, p. 347.)

The statutory remedy by motion, however, is cumulative only, and not exclusive; the sheriff and his sureties are liable to suit on their bond in the district court of the county of their residence for a breach of the conditions of the bond by his failure to pay over money collected on execution issued to him by the court of another county. (Paschal's Dig., Art. 1423, Note 533.)

In an action on a sheriff's bond, for failure of the sheriff to pay over money collected by him on execution, the defendants cannot be made liable for the ten per cent. damages per month recoverable by a motion instituted under the statute above referred to; and an exception to so much of

a petition on a sheriff's bond as claimed such damages should have been sustained.

It has been repeatedly ruled by this court, that being penal in its character, the statute which provides the summary remedy by motion against a sheriff and his sureties, for his failure to pay over money collected on execution, is not entitled to any latitude of construction. That statute creates the liability for the heavy damages imposed, and itself designates the tribunal and the mode in which it shall be enforced. That liability, therefore, is enforceable in no other tribunal nor mode of proceeding than that designated by the statute. (Paschal's Dig., Art. 3781, Note 872.)

When a party entitled to money collected by a sheriff on execution elects to pursue his common-law remedy on the sheriff's bond, the measure of his damages is the amount of money collected and not paid over, with interest from the time its payment was demanded. (Paschal's Dig., Note 540.)

At common law, no demand was necessary to fix the liability of a sheriff to an action for money collected by him on execution. His process required him to return the money into court with the writ, and he could at any time acquit himself of his liability for the money by paying it into court.

But under our system the duties of the sheriff in this regard are different: he must return his writ with his action endorsed thereon, but he must not bring the money into court, for the clerk is not authorized to receive it. He can acquit himself of the money only by paying it to the plaintiff in execution; but he is not bound to seek out the plaintiff and tender it to him, nor would it, in view of his other duties, be practicable for him to do so. His return of the execution "satisfied" is notice to the plaintiff that his money is collected and is subject to his demand; and this is all that can be required of the sheriff, and is equivalent to a tender.

In view of these considerations and of the authorities, it is held, that a previous demand is necessary in this State before suit will lie upon a sheriff's bond for the recovery of money collected by him on execution. The filing of the petition is not a sufficient demand.

APPEAL from Bexar. The case was tried before Hon. THOMAS J. DEVINE, one of the district judges.

This was an action by the appellee against W. R. Henry, sheriff of Bexar county, and the sureties on his official bond. The appellant was the executrix of Jose de la Garza, one of the sureties, who died pending the suit. A plea to the jurisdiction was overruled, and judgment rendered for the amount of the execution and damages at ten per centum per month. The execution issued from the District Court of Liberty county, and the objection was,

that suit should have been brought in that court. The execution was returned "satisfied;" but no demand of the money was proved.

C. *Upson,* for appellant.—It seems to us that the imperative language of the statute (O. & W. Dig., Art. 865) and the case of DeWitt v. Dunn, 15 Tex., 106, clearly show the want of jurisdiction in the court below in this cause.

"The motion for failure to pay over money collected on execution is, by Hart. Dig., Art. 1333, authorized to be made before the court from which the execution issues. The direction to bring it in that court excludes the jurisdiction of any other court." (15 Tex., 106.)

As the plaintiff below sought his remedy under the statute referred to, (O. & W. Dig., Art. 865,) he must be confined strictly to the terms of that statute and the rules governing therein, which authorize such proceeding to be instituted only in the court from which the execution issues.

Independent of the question of jurisdiction, we conceive the suit must be regarded as improperly brought, and the judgment to be erroneous as to the appellant.

Before the sureties on a sheriff's bond can be held liable for moneys collected by the sheriff, it must be first shown that the sheriff is in default of an actual conversion of the money, or a failure or refusal to pay over the same when demanded by the person entitled to it.

There must have been a breach of the bond before suit could be maintained upon it. "Nothing but a breach of official duty is a breach of a sheriff's bond." (19 Ga., 274.)

There is no proof that any demand for the money was ever made upon the sheriff. The plaintiff below resides in Liberty county, Texas, some three hundred miles from the residence of the sheriff. The sureties on his bond could not be held liable in an action for the money collected by the sheriff until the sheriff had made default in

the payment thereof, which does not appear from the facts in this case.

Whether the plaintiff below could have maintained an action against the sheriff alone for money had and received, without showing a demand for the same, may well be questioned, but certainly no such action could be sustained against his sureties, in the absence of a previous demand.

That the plaintiff could not recover for interest and damages, under the facts in this case, we believe to be beyond a doubt.

COKE, J.—The plea to the jurisdiction of the court was properly overruled.

That a summary motion against a sheriff and his sureties, to recover damages for failure to pay over money collected on an execution, is not cognizable in any other court than that whence the execution issued is not an open question in this court, and would seem too plain on the terms of the statute to be seriously controverted. (De Witt v. Dunn, 15 Tex., 108.)

But this is not such a proceeding. It is an action substantially in common-law form against the defendant, Henry, and the sureties on his official bond, for a breach of the conditions of the bond, in the failure of the defendant to pay over money collected on an execution issued from the District Court of Liberty county in favor of appellee, a form of action to which the appellee clearly had a right to resort, if he preferred it to the more summary motion. The statute giving this remedy does not take away or exclude other remedies. (Connell v. Lewis, Walker, 254; Armstrong v. Ganon, 6 Cow., 465.)

The record is not very intelligible in regard to the ruling of the court on the exceptions of the defendant to the petition. There is, among various other objections, a special exception to that portion of the petition which claims ten per cent. per month damages. The only ruling we

31—XXVIII

see in the record on the pleadings sustains defendant's ex-ceptions, yet judgment is rendered for ten per cent. per month damages.

One of the grounds alleged in the motion for new trial is, the overruling the defendant's exceptions, and the same point is made in one of the assignments of error in this court. The special exception referred to was certainly well taken, and should have been sustained, and that portion of the petition stricken out. It does not become necessary, how-ever, to attempt to reconcile the contradiction in the record on this point, because the same question is sufficiently pre-sented for revision by the seventh assignment of error, which charges that the judgment is contrary to law and evidence.

The judgment is rendered for $322, the original amount collected, with interest, amounting to $92 30, and the fur-ther sum of $1,127 damages, being ten per cent. per month from the 24th September, 1857, (the date of the filing of the petition,) to the time of its rendition.

Art. 865, O. & W. Dig., reads as follows: "Should any sheriff or other officer fail or refuse to pay over money col-lected under an execution, when demanded by the person entitled to receive the same, he shall be liable to pay ten per cent. per month on the amount so collected, besides interest and costs, which may be recovered of him and his sureties by motion before the court from which said execu-tion issued, three days' notice being given." (Paschal's Dig., Art. 3781, Note 872.)

It is under this clause of the statute, if at all, that the appellee is entitled to a judgment for ten per cent. per month on the amount collected on the execution, and we are of the opinion that the judgment is not authorized by it.

It has been repeatedly ruled in this court, that this stat-ute, being penal in its character, is entitled to no latitude of construction as against the party subjected to its opera-

tion.   The liability of the officer for this onerous penalty is defined and must be circumscribed by the language of the statute which creates it.   (De Witt v. Dunn, 15 Tex., 108.)

Coupled with the creation of the liability, the statute designates the tribunal and the mode in which it shall be enforced, which we think is exclusive of any other.   When a party seeks the enforcement of the penalty prescribed in this statute, he must do so in the mode pointed out by the statute.

Having elected in this case to pursue the common-law remedy, his measure of damages, if his case were made out and sustained by the requisite proof, would be the actual injury sustained, which is the amount of money collected and not paid over, with interest from the date of demand of payment.   (Sedg. on Dam., 530; De Witt v. Dunn, *supra;* Hamilton v. Ward, 4 Tex., 356; Beaver v. Batte, 19 Id., 111.)

But if this were a motion prosecuted in the District Court of Liberty county, whence the execution issued, and was in strict compliance with the law in every other respect, or if the appellee were entitled upon proper proof to recover the statutory damages in this action, he still has failed to make out a case entitling him to judgment.   It is clear that a right of action under this clause of the statute accrues only upon a failure or refusal to pay over when demanded.   The officer must be placed in default, by a demand and refusal, before he becomes liable to the penalty denounced by this statute.   The appellee has not proved, nor has he made an effort to prove, a demand. This essential requisite, which may be said to be the *gist* and foundation of the officer's liability and the plaintiff's right, is wholly wanting.

We are of opinion that the failure of the appellee to prove a demand upon Henry, the sheriff, and one of the defendants in the court below, for the money collected by

him on the execution, previous to the institution of this suit, reaches even further back, and is destructive of his right to recover the original amount collected.

There is much apparent conflict of decision on the question, whether a demand is necessary before a right of action accrues against a sheriff for failure to pay over money collected on execution. Under the English rule, a demand is not necessary before action brought. (Dale v. Burch, 3 Camp., 347; Swain v. Morland, 1 B. & B., 370; Jeffries v. Sheppard, 3 B. & A., 696; Morland v. Pellet, 8 B. & C., 722.)

The terms of a writ of *fieri facias* at common law commanded the sheriff that "he cause to be made or levied the sum recovered, and have it before the king or his justices at Westminster on the return day." (2 Tidd's Prac.)

"When the officer had made the debt according to the precept, it was originally his duty to have the money in court, and it had been held that not even a payment to the creditor will excuse the non-performance of this duty." (2 Tucker's Com., 361.)

In Wilder v. Bailey, 3 Mass., 293, speaking of the duties of the sheriff at common law, Parsons, C. J., says: "If, before the return of the execution, he voluntarily pay the money to the creditor, the court will allow it; because the creditor is satisfied; but he is not obliged to do it; for if he bring the money into court on the return of his execution, the writ will be obeyed."

The sheriff, at common law, when he collected money under execution, must return not only the writ, but the money with it. He could always discharge himself by paying the money into court. The plaintiff knew precisely where and when to look for the fruits of his execution. If the sheriff failed to return the money with the writ, he had disobeyed his precept, and the right of action instantly accrued against him. Hence no demand was necessary.

These reasons, upon which the English rule is founded,

are not applicable to our system. Under our law a different duty is prescribed to the sheriff who has collected money on an execution. He must return his writ with his action endorsed thereon, but he must not bring the money into court. The clerk of the court is not authorized to receive it. He cannot discharge himself, except by paying it to the plaintiff in execution. The sheriff is the agent appointed by law to collect money on executions. He holds it under lawful authority. He is not bound to search out the plaintiff and tender him the money. He may hold it until a demand or request is made by one entitled to receive it. The general rule, subject to exceptions in relation to all agents who collect money by lawful authority, is, that until demand or request is made they are not liable to suit. (McBroom v. Governor, 6 Porter, 46; Armstrong v. Smith, 3 Black., 251; Judah v. Dyott, 3 Black., 324; Topham v. Braddock, 1 Taunt., 572; Taylor v. Bates, 5 Cowen, 376; Rathbun v. Ingalls, 7 Wend., 320; Williams v. Storrs, 6 Johns. Ch., 353.)

It would seem, on authority, that no action can be maintained against an attorney for failing to pay over money collected for his client until it has been demanded and he has failed or refused to pay. (Staples v. Staples, 4 Greenl., 533; Taylor v. Armistead, 3 Coll., 200; Hutchings v. Gilman, 9 N. H., 359; Buchanan v. Parker, 5 Ired., 597; Kimbro v. Walker, 2 Greenl., 376; Lillie v. Hoyt, 5 Hill, 399.)

Much stronger reasons exist for a demand before suit on sheriff than on attorneys.

The sheriff is a public officer. He receives process from all the courts in the State, is most generally a stranger to the parties, ignorant of their residence, and has necessarily to confide much of his business to deputies; he has no choice but to receive and transact all the business that comes lawfully to him. He is confined by the duties of his office to his county, and it is a physical im-

possibility for him to hunt up and pay over to parties in every portion of the State moneys that he is compelled by law to collect, and still discharge the other duties of his office.

In this case, the plaintiff in execution resides in Liberty county, a distance, as is said in argument, of three hundred miles from San Antonio, where the money was collected. The law does not and should not require impossibilities. (Underwood v. Russell, 4 Tex., 175.) When the sheriff has returned the execution indorsed "satisfied," this is notice to plaintiff that his money is collected and in the hands of the officer subject to his demand. More cannot be required of him. It is in effect a tender by the officer of the money as complete under the circumstances as can generally be made, consistently with the proper discharge of his other duties. Even in England, where we have seen that good reasons, not existing here, sustain the rule that a demand is not necessary before action brought, the harshness of the rule is felt and recognized. In Jeffries v. Sheppard, 3 Barn. & Cress., 696, an action brought against the sheriff for money levied under a *fieri facias*, without any previous demand, the court, upon payment of the sum levied, stayed the proceedings without costs.

In the States of the Union where the English rule has been adopted it is believed that the same reasons exist for it as in England, resulting from the form and terms of the writ, or from special statutes authorizing the sheriff to bring the money into court with the precept. (Janvier v. Vandever, 3 Har., 29; Brewster v. Van Ness, 18 Johns., 133; 2 Greenl. on Ev., 587 and notes.)

In Alabama, under a statute similar to our own, it has been uniformly held, that demand before action is necessary to sustain it. (McBroom v. The Governor, *supra.*)

In Wilder v. Bailey, 3 Mass., 294, the same rule is laid down under a statute not dissimilar to ours. And this we

believe, on correct principle, to be the true rule. The other, under our law, would subject the officer to vexation and harassment at the pleasure of litigants, without the power to protect himself, as in England, by paying the money into court, besides being otherwise inapplicable.

The court below evidently acted upon the idea, which we believe clearly erroneous, that the filing of the petition in this case was a sufficient demand, as the damages are assessed from that date. A· demand when necessary must in general be made before suit is brought, and there is nothing in this case to make it an exception to the rule. (1 Chitty on Plead., 159; Storm v. Livingston, 6 Johns., 44; Chandler v. Morton, 2 S. C. Constl., 72; Qua v. Minch, Id., 78.)

No demand upon Henry, the sheriff, before bringing this suit for the money collected on the execution, having been proved, he is not shown to have been in default, and consequently no right of action is shown to have existed against him and his sureties at the time of its institution. The judgment against them is therefore erroneous, and must be reversed. Ordinarily, a case in the attitude occupied by this would also be dismissed, but as the controlling question on which the court bases its judgment and opinion is believed not to have been before decided in this court, we think the justice of the case may be more certainly attained, while at the same time no principle is infringed, by remanding this case for further proceedings, thereby giving the appellee the opportunity, if he can, to supply that which is now lacking to sustain his action, of the necessity for which he may not before have been apprized. Other matters are assigned as error, but appear to be abandoned, as counsel failed to mention them in argument, and, being regarded immaterial to a disposition of the case, have not been considered. Judgment reversed, and cause

REMANDED.