## BROWN et al. *v.* THE PEOPLE, for use, etc.

1. Under an execution commanding the sheriff " to have the money ready to render to the plaintiff," upon the return day, the sheriff cannot discharge himself from liability to the plaintiff, by paying the money to the clerk and taking his receipt. Nor does such payment meet the requirements of the practice in paying money into court.

2. Where a defendant is permitted to litigate under the general issue, facts set up in a special plea, to which a demurrer has been sustained, the sustaining of the demurrer, though erroneous, is not a ground for reversal.

*Appeal from District Court of Gilpin County.*

Action of debt on a sheriff's bond. The facts are stated in the opinion.

Mr. G. B. Reed, for appellants.

Mr. Alvin Marsh, for appellees.

Brazee, J. The præcipe for summons in this action was filed April 13th, 1872. The declaration in debt was on the bond of Alexander K. Brown, as sheriff; damages claimed, $2,000; the breach averred was, that said Doggett Bassett and Hills recovered a judgment, upon which execution against the goods and chattels of Deitman Schneider, the judgment debtor, for $990.90 damages, besides interest and costs, issued, and Brown, as sheriff, levied the execution upon property which he sold, received the money therefor, and returned the execution satisfied. Pleas: 1st, *nil debet;* 2d, general performance of duty by Brown as sheriff; 3d, that said Brown, as sheriff, levied the execution, sold the goods for cash, and returned said execution into the office of the clerk of the court satisfied in full; that he paid the money received on the sale into court, and into the hands of the clerk of the court at his office in Central City, in Gilpin county, and took the clerk's receipt therefor, on the 27th day of September, 1871. The plaintiff replied generally, to the second plea, and demurred to the third plea specially, as follows: 1st, there was no authority to pay the money to the clerk; 2d, there was no authority in the clerk to receive it; 3d, the clerk is not holden on his official bond for the money so received. This demurrer was sustained, and the defendants stood by their plea; the cause was tried by the court; finding $1,000 for the plaintiffs; judgment given for that sum, with costs.

It is assigned for error that the demurrer was erroneously sustained.

This brings up for consideration and determination, what is a payment into court, in the legal acceptation of that

phrase. In respect to the circumstance under which money may be paid into court by a defendent in an action, the general rule is, that when the sum sued for is certain, or is capable of being made certain, the defendant is at liberty to bring the money into court. 1 Burrill's Pr. (2d ed.) p. 406.

In the case at bar, the sum in controversy was certain, or capable of being made so by a simple computation of the interest, and, therefore, under the rule, the money might be paid in.

In respect to when the money may be paid into court, in a proper case, BULLER, J. (1 T. R. 711), says: "Where the defendant is entitled to pay the money into court, it is a matter of course before plea pleaded, and now, even after plea pleaded, it is perpetually done by obtaining the judge's order for that purpose." The practice in New York, when the common law practice prevailed there, in case payment into court was made before plea pleaded, was to enter in the common rule book, a rule to authorize the payment of the money, and take the receipt of the clerk (3 Cow. 337; 1 Johns. 149–150); but the clerk was not authorized to receive money as paid into court, without a rule permitting him to receive it, and where he had so received money without a rule, a motion for the payment of money made on the writ, to the plaintiff after the clerk had returned the money to the defendant, was denied. 1 Wend. 103. Where money is properly paid into court, it is a payment *pro tanto* (Id. 191); after it is paid in, the plaintiff cannot have a verdict, unless he recover in damages and costs more than the *sum paid (1 T. R. 710–711), and the plaintiff is entitled to costs to the time of payment. Id. 629, and 1 Johns. 149. The payment is an acknowledgment by the defendant, that the plaintiff is entitled to recover the sum so paid (1 T. R. 464), and this admission he is not permitted to deny. *Malcolm* v. *Fullerton*, 2 T. R. 648.

A sheriff was ruled to return an execution after suit brought; he did so, and paid the money into court, without

a special order permitting it, and pleaded such payment, and that the plaintiff had accepted the money; replication that the plaintiff had not accepted; demurrer to plea, and joinder in demurrer; the court said: "After an action is commenced against a sheriff for money received upon an execution, he stands upon the same footing as other creditors, and cannot discharge himself, by simply bringing the money into court. He can pay it into court, but then the payment must be made in the manner established by the rules and practice of the court," citing 3 Cow. 336; 1 Wend. 540.

In *Brewster* v. *Van Ness,* 18 Johns. 133, the sheriff was attached for not paying money made on execution to the plaintiff, and he was ruled to do so. There is *obiter* in the two last cases for the sheriff paying the money into court on the return of the execution, but that may have been based upon the mandate of the writ. The effect of such mandate will be considered hereafter.

A form of a plea of payment into court is given in 1 Chitty's Pl. (11th Am. ed., appendix) 741. These authorities are referred to for the purpose of showing the practice from an early day, at common law, in respect to the cases in which money may be paid into court in an action, and how and when, and the effect of such payment.

This cursory view of the practice enables us perhaps to understand more clearly what is the precise legal significance of the phrase, "pay money into court," and leads to the conclusion that such payment, in its technical meaning, is a defense, entire or partial, according to the circumstances of such particular case.

The case at bar is distinguished from each of those referred to, in its having been brought for money collected on execution by an officer of the court, and (as the third plea alleges) paid into court before suit brought to recover it.

It is to be considered then whether under any circumstances the defendant Brown, as sheriff, could pay the money into court and thereby discharge himself and sureties

from any liability to the plaintiff therefor;. if he might have done so and paid the money into court, such payment, as we have seen, is a defense.  At common law the sheriff was, by the writ, authorized to pay the money into court, for the *fi. fa.* commanded him to bring the money into court.  Such was the form of execution and practice in England (Holroyd, J., 5 B. & C. 630), and the same form and practice has prevailed to some extent in this country (2 Peters' C. C. 243 ; 28 Tex. 484 ; 4 Seld. 63), and the *fi. fa.* at common law was tested and made returnable in term time.

In Colorado, the practice of returning the execution in term time has been changed by the statute.  Executions are made returnable in this Territory within ninety days from date, without reference to any term of court and, as in the case at bar, the mandate of the writ, in respect to the money made upon it, is " and have you these moneys ready to render to the plaintiff for damages and costs."  It is a general rule that a sheriff is bound to execute the process of the court, according to the terms.

The sheriff was not directed by the execution in this case to pay the money into court, but to have the money ready to render to the plaintiff; he was not, therefore, authorized by the writ to pay the money to the clerk as payment into court.  It was competent, however, for the court, out of which the execution issued, by its order, to have directed the sheriff to pay the money made upon it into court, *Acker* v. *Ledyard*, 4 Seld. 62, and such an order and the payment of the money into court in pursuance of it, would protect the sheriff and his sureties in an action afterward commenced to recover the money so paid. Id.   This power of the court was fully maintained after elaborate research and consideration in *Stebbins* v. *Walker*, 14 N. J. (2 Green) 90.

We deduce from the cases referred to and many more carefully examined, the general rule, that the payment of money into court is payment to the clerk under the gen-

eral or special rule directing or permitting the payment, or by virtue of the mandate of the court in its process, or by the authority of law.

The plea to which the demurrer was sustained set up as a defense the payment of money into court, which, if made out, would have been a good defense in bar of the action, and the judgment should be reversed, because of overruling of this plea, if thereby the defendants were precluded from making this defense at the trial. We think the defendants could have availed themselves of this defense in the court below, under the plea of *nil debet*. Under the issue made by the plea of *nil debet* to the declaration, it was competent for the defendants to have given in evidence an order of the court for the payment of the money into court (if any such order was made) and the clerk's receipt therefor, and thereby to have shown that the sheriff had done his duty, and that the defendants were discharged from any liability for the money. 1 Chitty's Pl. (11th Am. ed.) 482. Under the plea of *nil debet*, the whole merits of this action, then, were put in issue. In such case, though a court sustain a special demurrer to a special plea, setting up matter of defense which may be given in evidence under another plea, the error in sustaining the demurrer is not a ground for reversal. *Chambers* v. *Clews*, 21 Wall. 317; *Grand Chute* v. *Winegar*, 15 id. 355; *Sloan S. M. & L. Co.* v. *Guttshall*, decided at this term (*ante*, page 8).

The sustaining of the demurrer, though erroneous, was harmless, and is not a cause for reversing the judgment.

The overruling of the motion for new trial and the giving of judgment assigned for error, are disposed of by the foregoing; the other errors assigned relate merely to matters within the discretion of the court and cannot be sustained.

The judgment is

*Affirmed.*

A. W. STONE, J. We all agree that the judgment of the district court should be affirmed, but as my views are to

some extent different from my learned associates, I will briefly state them.

Alexander K. Brown, as sheriff, by virtue of an execution in favor of Wm. E. Doggett et al. against Deitman Schneider, levied and made the sum of $1,035.79, and returned the execution satisfied in full. The money was not paid to the plaintiffs, and to recover it this suit is brought on the official bond of the sheriff. The defendants filed a special plea that the said sheriff paid into court, and into the hands of one Wm. H. Salisbury, at that time clerk of the district court of the second judicial district, at his office, the full amount of the said judgment, interest and costs, and received from the said clerk a receipt in full for the amount paid. The plaintiffs demurred to this plea and for cause assigned that the sheriff had no authority to pay it to the clerk, and the clerk had no authority to receive it. The court sustained the demurrer, and the defendants abide by their plea. It was admitted that the sheriff, Brown, received the money on the execution; that he paid the money to Salisbury, and that Salisbury was the clerk of the district court for the second judicial district, Gilpin county. The plea of *nil debet* was filed and issue joined upon it, and the defendants could prove under this plea any matter admissible under the special plea; besides the matters of defense alleged in the special plea were admitted as facts, so that the defendants were not prejudiced by the judgment on the demurrer. The question for decision by this court is, is the payment by the sheriff, to the clerk of the court, of moneys collected by him on execution, a good payment as against the plaintiffs in execution. The writ commanded the sheriff to make the money and have it ready to render to the plaintiffs, and to return the writ with the manner of its execution. Originally it was the duty of the officer to have the money in court on the return day, there to be paid to the creditor. And it has been held that a payment to the creditor was no excuse to the officer for the non-performance of this duty. Such is not now the law. The sheriff

.may pay the money to the plaintiff without bringing it into court. But to discharge himself, he must pay the money to the plaintiff, or pay it into court. If he has no doubt of the plaintiff's right to receive the money, he may pay it to him. If he has any doubt of the right of the plaintiff to receive it, he may pay it into court, and discharge himself from all responsibility.

What is such payment into court, as will discharge the sheriff?

Is a payment of money collected by the sheriff, in the absence of any law, order or rule of court, or any command in the writ so to do, a payment into court? I think not. The clerk derives all his powers from the statute, and in each case it must appear that what he did was within the authority conferred on him by law. He is appointed by the court, and is required by statute to give a bond in the sum of $5,000, for the faithful performance of the duties of the office, and to pay over all moneys that may come into his hands by virtue of his office, and by virtue of his office is meant, acts within the duties of his office, and for which his sureties are responsible in case of his default. He is required to keep a fee book, in which he shall set down under the proper title, the cost of each suit, including his own, sheriff's and witnesses' fees, and after judgment make up the costs and charges of each party litigant, and include the costs of the prevailing party, and send out a bill of costs with the execution, and keep an alphabetical docket of all judgments and decrees, and to enter therein all final judgments and decrees rendered at any term, and when any judgment or decree is satisfied, he shall make a memorandum of it in the proper column. He is also required to keep a book and enter therein the returns of the sheriff or coroner. Ch. 70, §§ 34–37 and 39, R. S. He is required to pay over fines to the county treasurer. Ch. 21, § 20, R. S. ; and to that end, a power to collect and receive such fines is necessarily implied. Other similar duties are also required of him. When money is paid into court, it re-

mains with the clerk, as the fiduciary of the court, and is under the immediate control of the court. It is his duty to issue the process of the court, for the collection of money, but not to collect it; he is not a collecting officer, nor the agent of the plaintiff to collect money for him; a payment to him, by the sheriff, of moneys collected on an execution is not a payment into court, unless the writ so directs it paid, or some order of the court is made so directing, which is a matter of record in the court, and is no payment or satisfaction of the judgment.

The clerk is the proper custodian of money brought into court, but payment to the clerk of money that he is not by law, or some order of the court, authorized to receive, is not a payment into court. To constitute a payment into court, it must be paid to the clerk, as an officer of the court, in term time, and evidenced by some record of the court, as in the case when a tender is plead, or otherwise brought into court to abide the judgment of the court, and is shown by some record of the court.

In the cases of *Mazyck* v. *Bell* and *Mazyck* v. *McEwen*, 2 Bailey, it was held that payments made after judgment in the cause, to the clerk of the court, was no discharge to the defendant; and that the clerk has no official authority to receive money in civil causes, except when money is paid into court; 1st, upon the tender pleaded; 2d, when the party paying has obtained leave of the court to do so. In all other cases he is the private agent of the party paying.

In *Currie* v. *Thomas*, 8 Port. 293, it was held that, independent of statutory enactments, money cannot be lawfully paid to the clerk in vacation, or in any manner than as the officer of the court, in term time. In *Tompkins* v. *Woodford*, 1 Penn. St. 156, it was held that a defendant in a judgment who pays to the prothonotary the debt and interest due on a judgment, pays it in his own wrong. Such payment is not good, the prothonotary having no authority to receive it. The clerk is not the agent of the party or the law. *Baer* v. *Kestler*, 4 Rawle, 364. Money paid to the

clerk, and entered by him on his docket as paid into court, will not affect the right of the plaintiffs to have his judgment revived. 3 Penn. St. 351.

A clerk of the superior or inferior court is not authorized by law to collect money on judgments or executions obtained in or sued out of their respective courts; and a payment made to a clerk, on a judgment, is not good, as a payment against the plaintiff.

The clerk is not the agent of the plaintiff to collect money for him. It is an act outside the duties of his office. *Bank of Georgetown* v. *Ault and Ault*, 31 Ga. 359; *DeLagarza* v. *Booth*, 28 Texas, 485.

The duties of clerk, neither directly nor indirectly, confer upon him any right, as clerk, to receive money on debts of record, of which he may be the custodian, and the payment to him of such demands, unless authorized by the party or specially directed by the court, furnishes no protection to the party making the payment. *Chinn* v. *Mitchell*, 2 Metc. (Ky.) 92; *Durant* v. *Gabby*, id. 91.

The clerk is not authorized to receive money paid into court, without a rule of court. *Baker* v. *Hunt*, 1 Wend. 103.

The authorities are uniform, so far as I am able to find, that payment to the clerk, of money on a judgment or execution, obtained in the court of which he is clerk, is no payment. He is not authorized to receive it. It is not a payment into court, unless made by order of court, or the command in the writ so directs. The only authority to the contrary is a dictum of Mr. Crocker, in his work on Sheriffs. He says, " the usual course is to pay over the moneys collected to the plaintiff, or the attorney, but it may be paid into court, that is, to the clerk of the court where the judgment record is filed, and where the execution is to be returned."

No authority is cited, and I think none can be found, unless he be understood as meaning paid to the clerk, by order of the court. If the sheriff brings money into court,

pursuant to the command of his writ, his act is official, and an end to his responsibility.  But if he pay it to the clerk of the court, without an order of court, it is not in obedience to the command in the writ, and is no excuse for the sheriff when called on for the money.

When the sheriff returns an execution satisfied, he becomes liable to the plaintiff for the money, and the plaintiff may compel him to pay it, either by rule of court or action.

All the authorities cited by counsel for plaintiffs in error are to the effect, that payment into court is sufficient.  That such is the law I have no doubt, but a payment to the clerk, as we have seen by the authorities, is not a payment into court, unless the command in the writ or some order of court so directs.

For these reasons, which I think are fully supported by authority, the judgment of the court should be

*Affirmed.*