### HAGERTY v. HAGERTY'S EX'RS.

In this State, legitimate descendants are forced heirs, and as such they inherit, in. equal portions, three-fourths of the estate of the ancestor in despite of any will or donation *mortis causa* made by the latter, except where one is disinherited for the causes and in the manner prescribed by the statute.

A testator cannot vary, limit or qualify the portion to which a forced heir is entitled under the law, except in the manner provided by law, where there is reason to apprehend that the estate will be squandered if left to the management or control of the heir.

There are no forced heirs in any case as to one-fourth of a testator's estate ; of this he may dispose by will at his pleasure, subject only to the general law.

Where a testator attempts to disregard the rights of his forced heirs, and bequeathes. his estate accordingly, the will is not void, but the estate must be divided into two portions, one consisting of three-fourths of the whole, and the other of one-fourth ; the former must be equally divided among the forced heirs, and the latter must be applied to the discharge of the bequests in the will.

*Quere*, where a testator bequeathes the disposable portion of his estate, to one with-a limitation over in the event of his death without issue ?

Appeal from Harrison.

*Henderson & Jones*, for appellants.

*C. W. Adams*, *C. A. Frazier* and *W. P. Hill*, for appellees.

HEMPHILL, CH. J. Spire M. Hagerty, at his death, bequeathed the sum of two thousand dollars to his sister Delilah Harwell and her children ; to his son Spire M. Hagerty he bequeathed one thousand dollars, and stated as a reason for not giving him more, that he did not believe him to be his son ; and to his daughter Frances he left the residue of his. large estate, (said to amount to eighty thousand dollars,) with limitation over in the event of her death without issue. He left his wife Rebecca surviving. She became guardian of her children, and brought this suit to have the will annulled and.

set aside. The will was sustained by the Court below, and the plaintiff appealed.

Both parties, while differing in minor points, admit that the judgment sustaining the will throughout is erroneous, and the counsel for the appellant, in an argument distinguished for the force and precision of its logic, combats the reasoning on which the judgment is attempted to be supported. I shall not follow the counsel in his train of argumentation. That the principal bequest of this will is void in part, will appear from a very brief consideration of the rights of children as forced heirs, under the law, and of the limited testamentary power of parents who leave children at the time of their death. Under the rule of Spanish jurisprudence, the children of a person deceased were primarily his necessary or forced heirs; and if he had neither children or grandchildren, his parents, grandparents or ascendants became his forced heirs. By Act of Congress of December 18th, 1837, Art. 3251, the right of forced heirship was restricted to legitimate descendants alone, consequently excluding thereafter the ascendants of a deceased, from all such right. Now what is a forced heir?

The answer is, that he is one who per force of law, succeeds to the whole estate of the deceased, with such exceptions only as are especially provided for and regulated by law; whose rights do not depend on the pleasure or will of the testator, but upon the law, independent of, and adverse to that will. But forced heirship is not generally, among civilized nations, permitted to be co-extensive with the whole estate. The right of disposition of a portion of the estate, by testament, is generally recognized; and to that extent the right of forced heirship is excluded. In the primitive ages of the Common Law, the testator who had a wife and child, could bequeath only one-third of his estate. His wife and children were forced heirs of the other two-thirds. If he died without a wife, he might dispose of one-half—the other moiety being the right of his children by forced heirship; or, if he died without children, his wife was forced heir for the one-half. If he died

without either wife or children surviving, he might dispose of the whole of his estate. (2 Blackstone, 492 ; 10 Texas, 89.)

So, in Spanish jurisprudence, notwithstanding the children of a deceased were his forced heirs, yet he might give one-fifth of his estate to strangers, and one-third of the remainder to one or more of his children in preference to others; the right of forced heirship extending only to such portions as could not thus be lawfully disposed of by the testator. But, in this portion of the estate thus placed beyond the free disposal of the testator, the right of the children, as forced heirs, to their respective legitimate or equal distributive shares, was perfect and could be defeated only by some misconduct on their part, amounting to just cause of disinherison, a punishment which, in that event, a testator might lawfully inflict. But, unless there was legal ground for disinherison, the right of the heir to his legitimate share was absolute, and altogether beyond the control of the testator; and no acts of the latter, by pretention, omission or attempts at disinherison, without sufficient cause, or bequests of the whole or greater portion of the estate to one or more of the children, could, in any degree, affect the rights of a child, under his forced heirship, to a legitimate share of the succession. (1 White, 104–5–6–7–8–9–10.)

By statute in this State, children are as much forced heirs now, as they were under the laws of Spain formerly in force ; (Dig. Art. 3251;) and by their very quality of forced heirs, they must succeed to the whole of the estate, unless their rights be restricted by special legislation to that effect. A glance at our statutes shows that such restrictions exist, and that the Legislature, while guarding the rights of heirs, did not disregard those of the ancestor, so far as these were compatible with the just claims of meritorious descendants.

By the 13th Section of the Act concerning wills, a parent is authorized to disinherit a child or children from causes therein specified—causes which present a revolting picture of base criminality, estrangement from duty, and perversion of filial

affection.  But these causes must exist in fact, and not in the fancy of the testator; and unless they are shown by proof to be well founded in fact, the child, though attempted to be disinherited, will succeed as if no such will had been made ; and by the 15th Section of the same Act, (Art. 3265,) a parent is authorized by will or donations *mortis causa*, to dispose freely of the one-fourth of his estate; and by Section 16th, (Art. 3266,) the parent on apprehended danger of waste by his child, is authorized to vest his portion in trustees to be continued under their management until it appears by proof that the danger no longer exists.  These, together with the general grant of authority to make a will, constitute the sum of testamentary power over his estate, when there are legitimate descendants, who under their quality of forced heirship, can claim adversely to such power a portion of the estate.  From this summary, it appears that in any event, even where there are legitimate descendants, a testator has the unrestricted power of disposition over one-fourth of his estate.  But, as against his children, he cannot arrest the other three-fourths from the legal order of descent, unless in case of a child, who, from vile and undutiful conduct to his parent, has forfeited his rights, or whose dissipation superinduces the necessity (for his own benefit) of a temporary trusteeship.  It would seem to be quite unnecessary to notice the position, that although a testator cannot by positive act disinherit his child, unless for the flagrant causes specified in the statute, yet he may surreptitiously effect the same end by omitting all mention of him in his will, or by a partial bequest, however disproportionate it may be to the legitimate portion or share of the heir.  This assumption is entirely incompatible with the nature and essential qualities of a forced heirship.  It is totally repugnant to the idea that a disinherison can be permitted only where there has been gross misconduct, and this if required must be proven, otherwise the heir will succeed to his full share of the estate in despite of the will and the attempted act of disinheritance.  In fact the very statement of the proposition is its

best refutation. If it be known to any code, it has no existence in ours or in any other analogous to our own, on the subjects of forced heirship and restrictions on the power of testamentary disposition. And were it not for the strange misconception which appears to have existed, it would be unnecessary to announce that where more than one heir claim the undisposable portion of the estate under the rights of forced heirship, they are respectively entitled to equal shares of the succession.

On comparing the will in controversy with the law, it appears to be defective and void in several particulars. We will examine the bequests in their order.

In the first place, the son Spire, not being disinherited on any legal ground, is entitled (there being but two children) to one-half of three-fourths of the estate; yet by the will, he has been instituted for but one thousand dollars, a sum greatly less than his legitimate portion; and consequently the will, so far as he is thereby deprived of such portion, is as to him null and void. (Parker v. Parker, 10 Texas, 93.)

In the second place, the testator bequeathes to his sister, Mrs. Harwell, and her children two thousand dollars. This bequest is valid. It does not exceed one-fourth of the estate, and under this limit the power of testamentary disposition is beyond control.

In the third place, all the residue of the estate is bequeathed to his daughter Frances, but in the event of her death without issue with limitation over to collateral relations. This bequest is void as against the son Spire, so far as it entrenches on his right to one-half of the three-fourths of the estate. It is void also as to the daughter Frances, so far it encroaches on her right to an absolute fee simple estate in the one-half of three-fourths of the succession. To this she is entitled, independent of the testator, and he cannot legally diminish her estate by conditions or restrictions. She holds, then, the one-half of three-fourths, free of any limitation; and the effect of the bequest is to vest in her all that portion of the disposable fourth of the

estate, which will remain after payment of the bequest of two thousand dollars to Mrs. Harwell and her children. This remainder of the fourth will be held, however, by her under the limitation in the will. For, although a parent has no power to impose restrictions on the legitimate shares of his children, yet over the fourth he has full power, and may impose all such restrictions on the bequests of that fourth as are not inconsistent with the general law.

It is urged that the limitation in this bequest is void for remoteness. We do not deem it expedient to express any opinion on the point suggested. It would arise more properly on some contingency—(as for instance the death of Frances without children, when the claims under the limitation would become a subject matter of real controversy;) or should those in remainder set up any claim requiring security for the forthcoming of the property on the termination of what they may deem the life estate. The rights of the respective parties would then be legitimately before the Court for adjustment. But as presented in this case, we decline the expression of any opinion.

It is ordered, adjudged and decreed, that the judgment of the District Court be reversed and the Court here proceeding to render such judgment as should have been entered below, It is hereby ordered, adjudged and decreed, that the Executors (the debts being paid) proceed immediately to divide the estate into two parts or portions, one portion of which shall be equal to three-fourths of the estate, and the other to one-fourth of the said estate; that the three-fourths portion shall be divided into two equal parts or shares, one of which shall be assigned to the minor plaintiff, Spire McIntosh Hagerty, and the other share of the three-fourths to the other minor plaintiff Frances Hagerty, free and discharged of all limitations imposed upon it by the will. And it is further ordered that the bequest of the one thousand dollars to Spire M. Hagerty shall not be paid by the executors, as this is included in and forms a portion of his half of the three-fourths of the estate; and it

is further ordered, adjudged and decreed, that out of the portion which forms one-fourth of the estate, there shall be paid to Mrs. Harwell and her children the sum of two thousand dollars, and that all the remaining portion of the said fourth, after paying the said sum of two thousand dollars, be paid and delivered over to the minor plaintiff, the said Frances Hagerty, and that the costs of the suit be paid out of the estate.

Reversed and re-formed.