Beaver v. Batte.

BENJAMIN BEAVER v. WILLIAM B. BATTE.

A motion against a Sheriff, under the Statute, (Hart. Dig. Art. 1333,) for fail-
ing or refusing to pay over money collected under an execution, when de-
manded by the person entitled to receive the same, cannot be made in the
name of a stranger to the execution, to whom the party entitled to receive
the money has given an order for it, or assignment of it.

It would seem that such motion cannot be sustained by the proper party, as to
principal amount even, unless a previous demand be shown.

Appeal from Titus.   Tried below before the Hon. William
S. Todd.

The facts are stated in the Opinion.

*W. H. Johnson* and *J. P. Hill*, for appellant.

*T. J. & J. H. Rogers*, for appellee, cited Story on Agency,
Sec. 393, and note 1, and authorities there cited ; Id. 394, *et
seq. ;* 1 Chit. Pl. 7 and note 3, and authorities there cited ;
Id. 8 ; 3 Johns. C. 263 ; 7 Cow. R. 174. Demand was not
necessary, there being no penalty incurred.

ROBERTS, J.   This is a motion for a rule against the Sher-
iff, Beaver, to compel him to pay the balance in his hands, raised
by the sale of a lot under an execution against Hill, on an order
from Hill to pay the same to Batte.   Said money was a sur-
plus in his hands after satisfying an execution against Hill, in
favor of Wilks, Hood & Black.

Beaver filed exceptions to the motion for the rule, in which
he " denies plaintiff's right in law to proceed against him in

" this summary way by motion ; but that said right only ex
" ists in favor of the party entitled to the money from the pro-
" cess addressed to him as Sheriff, &c."

The Sections of the Statute upon which this motion is made,
and upon which these questions arise, are as follows : (Hart.
Dig. 418.)

" ART. 1329.    That if, on the sale of the property, more
" money is raised than is sufficient to pay the amount of the ex-
" ecution or executions in the hands of the Sheriff or other
" officer, the surplus shall be immediately paid over to the de-
" fendant, his agent or attorney."

" ART. 1333.    That should any Sheriff or other officer fail
" or refuse to pay over money collected under an execution,
" when demanded by the person entitled to receive the same,
" he shall be liable to pay ten per cent. per month on the
" amount so collected, besides interest and costs, which may
" be recovered of him and his sureties by motion before the
" Court from which said execution issued, three days previous
" notice being given."

It may be very well doubted whether the Statute contem-
plates the defendant in execution, at all, as a party upon whom
is conferred the right to this summary and penal remedy.    It
has been decided by this Court, that the Statutes authorizing
summary proceedings against Sheriffs, are to be strictly con-
strued, and that every fact necessary to a recovery must ap-
pear upon the record.    (Hamilton v. Ward, 4 Tex. R. 356 ;
DeWitt v. Dunn, 15 Id. 106.)    Admitting that this remedy be
extended to the defendant as well as plaintiff in an execution,
can the defendant, by any instrument and upon consideration,
so assign his interest in the funds in the hands of the Sheriff,
as to authorize the assignee to make this motion in his own
name ?    We think not.    Such motion must be made in the
Court from which the execution issued.    (Hart. Dig. Art.
1333 ; DeWitt v. Dunn, 15 Tex. R. 106.)    It is founded on
the record of the case in which it is made, and should necessa-

rily correspond with the parties to the record. To hold the contrary would subject the Sheriff to any number of motions by different assignees of the same fund in his hands, and make him determine, as between them, the superior title to it, under a penalty of ten per cent. per month on the amount. It has been held that a rule against the Sheriff is not the proper mode of deciding the rights of different parties claiming a fund in his hands. (Dawkins v. Pearson, 2 Bailey, R. 619.) If the motion be allowed here in the name of an assignee, that conse-quence must follow, for other assignees, claiming superior rights, could here intervene and claim the fund ; for here it is well established that any party having an interest may make himself a party to a suit. In Kentucky it has been held that where money was paid to plaintiff in execution by the Sheriff, it could not be recovered in a suit by an assignee of the judgment against the Sheriff ; although it was shown that the assignee demanded the money and gave notice of the assignment before the money was paid over. This was determined on the reasoning that it was unreasonable to compel the Sheriff to decide between parties contendimg for the same money ; and that in such case he was justified in paying to the party to the execution according to its directions, however superior the equitable right of the assignee may have been.

In this State a party having an equitable interest, as assignee, in the funds in the hands of the Sheriff, collected by him, might bring a suit to recover it before it was paid over, and make such parties, and obtain such process as to secure his object. In such case the Sheriff would be relieved from any onerous penalty. It does not follow from this, however, that such assignee can make a motion for a rule against the Sheriff. It would introduce a new party in the proceeding, and it would subject the Sheriff to the hardship of litigating or determining at his own risk, the conflicting rights of claimants, under a severe penalty ; and it would complicate what is intended as a, quick, simple remedy to close a suit already

determined, with the incidents of a new suit which may have all the expansive attributes of a bill in equity. This is decisive as to this case.

As to the point, whether or not a demand is necessary to be made and proven before the motion can succeed.

The first Section of the Statute above quoted, makes it the duty of the Sheriff to pay over the money to the defendant, his agent or attorney, immediately. This is only declaratory of his duty under the law without the Statute, and does not regulate or in any way control the remedy. The Statute (Hart. Dig. Art. 1333.) permits such a motion to be adopted as a remedy with its penal consequences, only after the Sheriff shall be placed in default by his failure or refusal to pay "when demanded by the person entitled to receive the same." The proof in this case does not show that any demand was made.

This cause is therefore reversed and remanded.

Reversed and remanded.