Wheeler, C. J.
—The several deeds of the 13th of January, 1856, though inoperative as deeds, because not made to take effect until after the donor’s death, and invalid as a will to dispose of more than the fourth part of the donor’s or testator’s property, were nevertheless valid as a testamentary disposition to the extent of the one-fourth of his estate. This was expressly so decided in the case of Crain v. Crain, 21 Tex., 790. The judgment of the court, annulling the disposition in toio, was therefore erroneous, and will require a reversal of the judgment. According to the case of Hagerty v. Hagerty, 12 Tex., 456, the minor children, whom it is evident the donor intended to favor, by giving to them the greater portion of his property, are entitled to the disposable one-fourth part of his estate, in addition to their distributive share.
If this were the only question in the case, we might proceed to render the proper judgment. But there was a question of some importance, respecting the amount of community property, on which the evidence upon another trial might be more satisfactory. The reference of the question to an auditor appears to have embarrassed its decision. This appears to have been done at the instance of the parties; but it is not perceived why they should have sought such a reference. It does not appear to be a *91 case in which the statute contemplates the appointment of an auditor. (0. & W.’s Dig., Art. 565.) We think the justice of the case may he better attained by remanding it for a new trial. Whether those having the reversionary interest, after the determination of the life-estate, should have security for the preservation of that interest, may be determined by the court upon the case which shall then be presented. I apprehend the party having the life-estate should not be permitted to remove the property beyond the limits of the State, without giving such security.
The judgment is reversed, and the cause
Remanded.