46  111
85  604

### Sarah M. Scogins v. S. R. Perry et al.

1. Damages against sheriff for not paying over money.— The liability of a sheriff and his sureties to pay ten per cent. per month on the amount collected by him under execution, and which he fails, after demand, to pay over to the party entitled to receive it, can be enforced in no other way than by motion.
2. Statute construed.—The damages provided for in article 3781, Paschal's Dig., against sheriffs, can only be enforced by motion.
3. Damages against sheriff—Laches.—It may be questioned whether a party can, at his mere option, and without excuse for delay, allow several terms of courts to pass and then claim the heavily accumulated penalty of ten per cent. per month from the date of such failure.
4. Practice.—In a suit instituted in the ordinary way, by petition against the sheriff and his sureties for money by him collected, and which, after demand, he had failed to pay over, and for ten per cent. per month damages: *Held,* The suit being brought twenty months after the collection, that a party claiming the benefit of a penal statute must bring himself strictly within its provisions, and a demurrer to so much of the petition as claimed the penalty of ten per cent. per month was properly sustained.

APPEAL from Harrison. Tried below before the Hon. F. B. Sexton, special district judge.

This was an action brought in the District Court of Harrison county, on the 31st day of January, 1871, by appellant's intestate, Sarah M. Scogins, surviving wife, &c., against appellees, to recover of S. R. Perry, as sheriff of Harrison county, and his sureties on his official bond, a sum of money, ($1,760.98,) and interest thereon, alleged to have been collected by said sheriff for Scogins, and for damages, at ten per cent. per month, from May 20, 1869, when demand was made, for failing and refusing to pay the same.

Citation was issued to appellees on the 1st February, 1871, requiring said parties to appear and answer them on the first Monday in February, 1871, of which there was service, and the parties appeared and answered the said motion on the 10th February, 1871, and on 14th February, 1871.

The original plaintiff in said motion died, and appellant Charles J. Evans, as the administrator of the estate of A. G. Scogins, the husband, and of Sarah M. Scogins, the surviving wife, came and made himself party plaintiff, and in that capacity prosecuted the suit in the court below.

On the 28th day of August, 1874, defendants amended their exceptions to plaintiff's petition and motion, which exceptions were by the court, upon the trial of said cause on 29th August, 1874, sustained, so far as the same applied to damages claimed by plaintiff, at the rate of ten per cent. per month, to which plaintiff excepted.

The cause proceeded to trial, which resulted in judgment for the plaintiff for $1,342.90, principal and interest, and cost of suit. Plaintiff's motion for new trial, assigning the error in the court in sustaining demurrer to claim for damages at ten per cent. per month, was overruled, and plaintiffs appealed.

*H. McKay*, for appellant, cited Scogin *v.* Perry, 32 Tex., 29; De la Garza *v.* Booth, 28 Tex., 483; Poer *v.* Brown, 24 Tex., 36; Paschal's Dig., arts. 3781, 5109.

*William Stedman*, for appellees.

GOULD, ASSOCIATE JUSTICE.—The liability of a sheriff and his sureties to pay ten per cent. per month on the amount which that officer has collected under execution, and fails, after demand made, to pay over to the party entitled to receive it, can be enforced in no other way than by motion. (De La Garza v. Booth, 28 Tex., 482; Paschal's Dig., art. 3781.)

The object of the statute is to provide a "quick, simple remedy, to close a suit already determined;" and the same penalty, to which it subjects the sureties as well as the sheriff, cannot be enforced by a distinct suit on the bond, or by "a new suit which may have all the expensive attributes of a bill in equity," and be attended with all its delays. (Beaver v. Batte, 19 Tex., 113; Hicks v. Gray, 25 Tex., 83.)

Whilst the statute does not prescribe that the motion must be made at or before the term of court next following the demand, it may be questioned whether a party can, at his mere option, and without excuse for the delay, allow several terms of court to pass, and then claim the heavily accumulated penalty. In providing a prompt remedy, it was scarcely contemplated that it should be used oppressively, or as a means of profit.

Without, however, undertaking to say at what time the motion must be made, we are of the opinion that the fact that this proceeding was not commenced until full twenty months after the alleged demand, may well receive some consideration in determining its character.

Although the object of the proceeding was to recover the penalty as well as the principal and interest, it was in the form of a regular petition, filed apparently in vacation, setting forth at length a cause of action, praying for citation to defendants as in ordinary cases, and praying, it is true, for judgment for the penalty, but praying also for general relief. In its form, it appears to be, not a motion, which

8

might have been filed, and, notice being served as in other cases of motion, disposed of during the same term of court, but to be a petition instituting a new suit; and, as far as the record shows, the case took its regular place on the trial docket amongst other new suits.

In view of these facts, and having in mind that a party claiming the benefit of this penal statute must bring himself strictly within its provisions, we hold that the court did not err in sustaining exceptions to so much of the petition as claimed ten per cent. per month on the amount collected.

The judgment is accordingly affirmed.

AFFIRMED.