63  407
85  604

T. V. Murray & Bro. v. G., C. & S. F. R. R. Co.

(Case No. 1675.)

1. RAILROAD FREIGHT CHARGES — STATUTE CONSTRUED. — Construing art. 4257, Rev. Stat., *held*, that a railroad has the right to charge for the carriage of any quantity of freight less than one hundred pounds the same amount which it is entitled to charge for one hundred pounds; one hundred pounds being the unit fixed by the statute.

2. STATUTORY REMEDY FOR OVERCHARGE OF FREIGHT. — The statutory remedy for overcharge in freight afforded by art. 4258, Rev. Stat., is not exclusive, but cumulative, and he who would recover the penalty provided by it must bring himself clearly within its terms.

3. PLEADING. — See opinion on motion for rehearing for an illustration of the rule that a pleading will be construed most strictly against the pleader.

Appeal from Burleson. Tried below before the Hon. I. B. Mc-Farland.

Suit brought in the district court of Burleson county February 7, 1883, by appellants, to recover of appellee, under articles 4257 and 4258, Revised Statutes, the penalty prescribed for excessive charges made by appellee for the transportation of freight. The petition specified fourteen instances of excessive charges, in so many counts, demanding the penalty in each case.

It set forth that the charges complained of were made for the transportation of freight by appellee from Galveston to Caldwell, a distance of one hundred and fifty-eight miles, and that the maximum charges permitted by law for such transportation was fifty cents per hundred pounds per hundred miles, or seventy-nine cents per hundred pounds for the one hundred and fifty-eight miles. The first count complained of charge made January 6, 1883, of thirty-nine cents for freight on one keg of powder, weighing thirty pounds, and the amount demanded and received therefor, when the proper maximum charge permitted by law was only twenty-three seven-tenths cents. The other counts complained of similar charges for like services, on subsequent shipments.

The petition states that defendant "is indebted to plaintiffs $500 in the nature of a penalty," under articles 4257 and 4258 of the Revised Statutes of Texas, and reiterates this statement as to each of fourteen separate claims; and after stating the distance from Galveston to Caldwell by plaintiffs' railroad, one hundred and fifty-eight miles, and the maximum charge allowed by law for freight thereon to be fifty cents per one hundred pounds per one hundred miles, states the various articles shipped from Galveston to Caldwell, with dates and weights thereof, charges made, and the lawful charges which could alone be made, as follows:

| Articles. | Date of Shipment. | Pounds Weight. | Actual Charge. | Legal Charge. |
|---|---|---|---|---|
| Keg of powder .................... | Jan. 6, 1882.. | 30 | $0 39 | $.23\frac{7}{10}$ |
| Pail of butter. ................... | Jan. 28, 1882.. | 50 | 49 | $.39\frac{1}{2}$ |
| Bucket of butter.................. | Feb. 3, 1882.. | 35 | 34 | $.27\frac{6}{10}$ |
| Show case ½ ..................... | Feb. 23, 1882.. | 75 | 1 40 | $.59\frac{1}{4}$ |
| Keg of powder .................... | Apr. 29, 1882.. | 30 | 39 | $.23\frac{7}{10}$. |
| Package picture signs............. | June 10, 1882.. | 15 | 20 | $.11\frac{8}{10}$ |

There were many other like items.

The averments were that these prices were demanded by defendant, who refused to deliver unless same were paid, and plaintiffs were

compelled to pay, and did pay, the same, when defendant was bound to carry for the lesser sums; that the charges were made with knowledge of the law and with intent to injure plaintiffs.

The defendant demurred to the petition, among other grounds:

1. Because the statute under which the action was instituted had been repealed.

2. Because the petition did not state a cause of action against defendant or what it is called upon to defend.

The court sustained defendant's demurrer, and plaintiffs declining to amend, the petition was dismissed.

The judgment recites that the demurrer " is well taken on the grounds urged, to wit: 1. That under the law the defendant has the right to charge for carriage of any quantity of freight less than one hundred pounds the same as it may charge for one hundred pounds; one hundred pounds being the unit fixed by the statute.

" 2. That the act of April 10, 1883, is a repeal of the law under which this action was instituted, and that the right of action fell with the repeal of the law."

*Ford & Taliaferro* and *W. K. Homan*, for appellants, on the construction of the word "rate" and the right to the penalty, cited: Rogon v. Aiken, 9 Am. & Eng. R. R. Cases, 207; Knox v. R. R. Co., 5 S. C., 22; State v. R. R. Co., 59 Ala., 321; R. R. Co. v. Stums, 61 Ala., 589.

That the act of April 10, 1883, cannot be construed retrospectively so as to affect the right to the penalty in a suit pending, they cited: Calder v. Bull, 3 Dall., 391; 1 Blackstone, 46; Dwarris on Stat. & Con., 162, and note 9; Cooley's Con. Lim., 63 and 460; Wade on Retroactive Laws, 335–38; Couch v. Jeffries, 4 Burr., 2460; Dash v. Van Kleeck, 7 John., 477; Sayre v. Wisner, 8 Wend., 663; Knowlton v. Redenbaugh, 40 Iowa, 116, 117; State v. Auditor, etc., 41 Mo., 28; Taylor v. Mitchell, 57 Pa. St., 211, 212; Martin v. State, 22 Tex., 216; Trist v. Cabenas, 18 Abb. Pr., 144; Uwchlan Township Road, 30 Pa. St., 156; Litch v. Brotherson, 25 How. Pr., 416; Bedford v. Shilling, 4 Serg. & Rawle, 408.

*Ballinger, Mott & Terry*, for appellee, in support of the construction placed on the word "rate" by the court below, cited: R. S., arts. 4256–58; Rogon v. Aiken (S. C. Tenn., 1882), 9 Am. & Eng. R. C., 201; Hays v. Penn. Co., Am. L. Reg. (Jan., 1883), p. 39, and notes; Richardson's, Johnson's and Webster's Dictionaries, word "Rates."

That the statute must be strictly construed, they cited: R. S.,

arts. 4256–58; De Witt *v.* Dunn, 15 Tex., 108; De la Garza *v.* Booth, 28 Tex., 482–3; Scogins *v.* Perry, 46 Tex., 114; Sedgwick on Stat. and Con. Cons., 279–287.

That the repeal by the act of April 3, 1883, was a repeal of the penalty and the suit fell with the repeal, they cited: R. S., arts. 4257–8; Act April 10, 1883, ch. 70, pp. 67–70; Etter *v.* Mo. P. R'y Co., Court of Appeals, Dec. 8, 1883, 2 Tex. L. Rev., 331 (No. 49), and references therein, and also Tex. L. Rep., January, 1874, p. 552; Bryan *v.* Sundberg, 5 Tex., 418; Rogers *v.* Watrous, 8 Tex., 65; Stirman *v.* State, 21 Tex., 736; Tunstall *v.* Wormley, 54 Tex., 480; United States *v.* Claflin, 7 Otto, 551–2; Norris *v.* Crocker, 13 How., 429; United States *v.* Tynen, 11 Wall., 92; Sedgwick, 101, 105; Cooley, Con. Lim. (5th ed.), 443, 474; Wade on Retroactive Laws, § 301, and see references in notes; Gurner *v.* Lehigh R. Co., 55 Pa. St., 127; New London Co. *v.* B. & A. Co., 102 Mass., 389; Nichols *v.* Squire, 5 Pick., 168; Connor *v.* Kimball, 21 Pick., 373; Leighton *v.* Walker, 9 N. H., 59; Gaul *v.* Brown, 53 Me., 496.

DELANY, J. COM. APP.— Article 4256 of the Revised Statutes limits the fare to be paid by passengers on our railroads to five cents for each mile or fraction of a mile. Article 4257 is as follows: "Railroad companies may charge and receive not exceeding the rate of fifty cents per hundred pounds per hundred miles, for the transportation of freight over their roads, . . . provided that when the distance from the place of shipment to the point of destination of any freight is fifty miles or less, a charge not exceeding thirty cents per hundred pounds may be made for the transportation thereof."

Article 4258. "Any railroad company which may violate either of the two preceding articles shall forfeit and pay to the person injured thereby the sum of five hundred dollars, to be recovered before any court having jurisdiction of the amount, in the county through, or into which, the passenger or freight may have been transported."

What is the meaning of the words "not exceeding the rate of fifty cents per hundred pounds per hundred miles?"

Appellants insist that the word "rate" is used in the sense of proportion, and that it applies to freights weighing less than one hundred pounds, as well as to those weighing more. According to their view of the statute, the railroads must carry fifty pounds of freight one hundred miles for twenty-five cents, twenty-five pounds for twelve and a half cents, and one pound for half a cent. They

present the argument thus: "If a hundred pounds is taken as the unit of weight, one hundred miles must be taken as the unit of distance; and if the same amount may be charged for one pound as for one hundred pounds, the same amount may be charged for one mile as for one hundred miles; therefore the same amount may be charged for carrying one pound one mile as for carrying one hundred pounds one hundred miles, which is unreasonable."

Admit the force of all this, yet the doctrine contended for by the appellants will lead to results equally unreasonable. Let us see. Appellants would have the railroads carry one pound one hundred miles for half a cent; fifty miles for one-fourth of a cent; twenty-five miles for one-eighth of a cent, and when we get down to one mile the compensation would be too small to be discovered by the naked eye. These matters appear to us too minute to be made the subject of statutory regulation. It is certainly a rather startling proposition to say that the legislature intended to impose a penalty of $500 upon a railroad company for an overcharge of one-hundredth part of a cent in a freight bill. If, therefore, the word "rate" is used in the sense of proportion, it must be limited to the ascending scale; that is to say, railroads may charge fifty cents per hundred pounds per hundred miles, and they may charge at the same rate, or in the same proportion, for larger amounts and for longer distances.

Appellants refer us to several cases which we will notice. First among these is the case of Knox v. Railroad Co., 5 Rich. (S. C.), 22. This was a suit to recover of the company the amount of overcharges for the transportation of a large quantity of merchandise and cotton. The distance was thirty-seven miles, and the company had charged the same amount as they would have charged for a distance of one hundred miles. The charter allowed "for the transportation of goods by weight not exceeding fifty cents per hundred pounds per hundred miles." The court held that for *heavy articles* the company could only charge for the actual distance of transportation at a rate not exceeding fifty cents per hundred pounds per hundred miles.

We are referred to two cases from Alabama: Harrell v. M. & M. R. R. Co., 59 Ala., 322; and M. & M. R. R. Co. v. Steiner, 61 Ala., 559. These were cases in which large quantities of freight had been transported over the road for short distances. The statute provided that the company might, for the transportation of local freight, "demand not exceeding fifty per cent. more than the rate charged for the same description of freight over the whole line of its road." In commenting upon this statement the court used the

following language: "The charge for the transportation over the whole line is so much, which is equivalent to so much per mile. Local freight must be carried at the same rate plus fifty per cent. Thus, if the charge on the whole line be one hundred, the charge for half the line will be fifty plus fifty per cent., equal to twenty-five one-hundredths added to fifty, which gives seventy-five as the result." We are also referred to the case of Rogon v. Aiken, from Tennessee, 9 Am. & E. R'y Cases, 201.

That was a suit to recover overcharges on a road which was only fifteen miles long. The charter provided that the "charge for transportation shall not exceed thirty-five cents per hundred pounds on heavy articles, for every hundred miles." Mr. Justice Cooper, in commenting on the statute, says: "The charge for one hundred pounds on the whole length of defendant's road would be about five cents; and for one pound, five one-hundredths of one cent. It cannot be supposed that the legislature intended such a result unless it has said so, or used language which fairly requires such a construction. In the absence of words fixing a smaller unit, or indicating a proportion, the obvious and natural inference would be that the legislature had in mind only the unit of one hundred pounds and one hundred miles, and intended merely to designate a maximum charge." The learned judge then refers to the cases which we have just quoted and says: "The courts of South Carolina and Alabama admitted the hardship of the construction of this statute upon the railroad companies; but felt themselves constrained to adopt it because the language used showed a legislative intent that the charges should be proportioned. We are of opinion that no such intent appears in the language of our statute; that the object was to fix a maximum charge beyond which the companies could not go, and to leave the tariff of charges within that limit to the companies, subject to the rule of the common law and the regulating power of the courts and the legislature."

It will be noticed that in all those cases the freight was large in amount and the distances below a hundred miles. And in those states there seemed to have been no regulation of the charges for short distances except the rather indefinite one in Alabama concerning local freight. But our statute contains the specific provision that when the distance is fifty miles or less the charge shall not exceed thirty cents per hundred pounds. No provision, however, is made for an amount less than one hundred pounds. We concur with the court below in the opinion that one hundred pounds must be regarded as the unit fixed by the legislature.

If this rule be correct the present suit cannot be maintained, as

in each of the counts in the petition the amount of freight carried was less than one hundred pounds.

We have not found it necessary to determine whether art. 4258 of the Revised Statutes was repealed by the act of April 10, 1883, or not, and we express no opinion on the subject.

Our opinion is that the judgment should be affirmed.

AFFIRMED.

[Opinion adopted February 27, 1885.]

### ON MOTION FOR REHEARING.

WILLIE, CHIEF JUSTICE.— A rehearing is asked on three distinct grounds. The first two refer to the fourth and eighth counts, respectively, of the petition. In both the instances referred to in these counts the weight of the freight transported was below the unit of one hundred pounds established by the statute.

In neither of these cases do we think the penalty can be recovered, for this reason: The statutory remedy is not exclusive but cumulative; and in such cases it has been universally held that he who would recover the penalty must bring himself within the terms of the statute: De Witt v. Dunn, 15 Tex., 108; De la Garza v. Booth, 28 Tex., 478; Scogins v. Perry, 46 Tex., 111.

In De la Garza v. Booth the statute (Pas. Dig., art. 3781) is construed which gives a severe penalty against one who fails to pay over money; but provides that it shall be recovered by motion. It was held that the penalty could not be recovered by suit.

A similar rule, we think, should be applied to cases like the present.

The third ground of the motion presented the case of an overcharge upon ten boxes of fire crackers, weighing one hundred and twenty pounds.

This would come within the statute, but when we turn to the petition we find the case stated thus: "One package containing two boxes of cannon crackers, weighing no more than forty pounds, and one package containing eight boxes of fire crackers, weighing . . . eight pounds." The charge was $1.56.

The pleading will generally be construed most strongly against the pleader. It does not appear from the petition that these two packages were sent by one and the same shipment, and the same bill of lading. It does not even appear that they were sent by the same person, or at the same time, or that they were carried by the same train. We cannot judicially know any of these facts, and they should have been stated in the petition — at least it should appear with reasonable certainty that there was but one shipment.

The motion is overruled.                    OVERRULED.