THOMAS DWYER v. G., C. & S. F. R'Y CO.

(No. 1874.)

APPEAL from Washington County. Opinion by WILLSON, J.

SAYLES & BASSETT, counsel for appellant.

GARRETT, SEARCY & BRYAN, counsel for appellee.

§ 79. *Overcharge on freight; penalty for, does not apply to act of May 6, 1882; penalty restricted to instances specified in act of April 10, 1883; case stated.* Appellant brought this suit to recover of appellee $500 penalty for an alleged overcharge upon two car loads of freight shipped by him from Royersford, Pa., to Brenham, Tex. The petition alleged that said freight was shipped under a contract made by plaintiff with a railroad company in

Pennsylvania, by the terms of which contract said company was to transport said freight from the place of shipment to Brenham, Texas, for $284, said charge being at the rate of seventy-one cents per one hundred pounds, which contract was set forth in a bill of lading. That said freight was carried to Brenham under said contract, the last portion of the route being over defendant's line of railway. That defendant's agent at Brenham demanded and received of plaintiff, for carrying said freight, $384, said sum being $100 in excess of the contract price. That plaintiff paid said sum through mistake, not knowing at the time the stipulated amount, not then having received said bill of lading. Exceptions to the petition were sustained, and the suit was dismissed at the cost of the plaintiff. *Held:* It is not shown in the petition that the amount of freight demanded and received was in excess of the legal rates, that is, that it exceeded fifty cents per one hundred pounds, per one hundred miles. The distance that the freight was carried is not averred. Manifestly, therefore, the petition is insufficient, if the action be to recover for an overcharge of the rates prescribed by article 4257, Revised Statutes. In an action to recover the penalty for a violation of that article, the facts must be alleged which show such violation; that is, that the company demanded and received more than fifty cents per one hundred pounds, per one hundred miles. But this action, it seems, is not brought under said article, but under the act of May 6, 1882, [Gen. Laws 17th Leg. Called Sess. p. 35], section 1 of which declares it to be unlawful for a railroad company to charge, etc., a greater amount for transporting freight than is specified in the bill of lading. This act provides no penalty whatever for its violation, but merely denounces such overcharge as unlawful. It is contended by appellant that the penalty provided by the act of April 10, 1883 [Gen. Laws 17th Leg. p. 67], applies to, and affords a remedy for, such violation, and that, under sections 7 and 10 of said last-named act, he is entitled to

maintain this suit. We do not so understand and construe the act of April 10, 1883. Section 7 of that act specifically prescribes the instances in which the railroad company shall become amenable to the penalty, and it does not include the one of charging, etc., a greater sum for transporting freight than is specified in the bill of lading, unless such charge shall also be in excess of the rates fixed by law. Said section 7 is the only statute which prescribes a penalty for an overcharge on freight, and its express terms must control. We must be limited to the specific instances therein mentioned, and cannot award the penalty in any other instance. "He who would recover a penalty must bring himself within the terms of the statute." [Murray v. R. R. Co. 63 Tex. 407.] The petition shows no cause of action for the penalty of $500, and there was no error in sustaining the demurrer thereto. As to the $100 excess freight paid by appellant, he expressly abandoned his claim therefor in a trial amendment, and his right to recover upon that demand is not considered in this opinion.

January 20, 1886.                              Affirmed.