GULLEDGE & MATHEWS v. MO. PAC. R'Y CO.

(No. 2303.)

APPEAL from Wood County. Opinion by WILLSON, J.

GILES & KUTEMAN, counsel for appellants.

WHITTAKER & BONNER, counsel for appellee.

§ 168. *Penalty for overcharge on freight; but one penalty recoverable by same party up to time of institution of suit; case stated.* This is one of nine suits, all of a similar nature, filed by appellants against appellee on the 15th of September, 1885, and all for penalties for alleged overcharges made prior to that time. On the 13th day of October, 1885, the first of these suits, No. 270, was tried, and plaintiffs recovered the penalty sued for. When this case was called for trial at the January term, 1886, defendant interposed a plea to the effect that only one penalty could be recovered for all violations of the law, prior to the institution of the suit in which he had recovered a penalty, and offered to verify the allegations of said plea by the records of the court in which this suit was pending. This plea was tried before the court without a jury, and judgment rendered in favor of defendant. The important question presented for decision is shown

by the following proposition by appellants, and counter-proposition by appellee, to wit:

### PROPOSITION.

"When the legislature, by a penal law, prohibits a certain act, and prescribes a penalty therefor, every transaction so prohibited which is complete within itself, and committed at different times, is a separate violation of such penal law."

### COUNTER-PROPOSITION.

"Unless the statute giving the penalty expresses that it is 'for each and every offense,' only one penalty can be recovered by the same person for all violations of the law up to the time of the institution of the suit."

The statute prescribes a penalty of $500 for an overcharge on freight. It does not expressly provide that this penalty may be recovered for "each and every overcharge." [R. S. art. 4258.] We are not aware that the question now presented has ever been before the courts of this state. We are sure it has not been decided by either the supreme or this court. In Murray & Bro. v. G., C. & S. F. R'y Co. 63 Tex. 407, the plaintiff sought to recover several penalties for several distinct and separate overcharges on freight, but the question now under consideration does not appear to have been raised, and was not passed upon by the court. Looking to other states having statutes upon this subject similar to ours, we find that the court of appeals of the state of New York, in Fisher v. R. R. Co. 46 N. Y. 644, held that but one penalty could be recovered by the same plaintiff for overcharges made prior to the commencement of the action. This decision is based upon a statute substantially the same as ours. After reviewing the authorities bearing upon the question, Justice Grover, delivering the opinion of the court, says: "My conclusion is, that but one penalty can be recovered upon the statute under consideration for all acts committed prior to the commence-

ment of the action. If, after this, it is again violated, another may be recovered in another action commenced thereafter, and so on, as long as violations continue. This will not only tend to put a stop at once to the extortion, when it is committed knowingly by the defendant, but where it is done under a mistake as to its rights, will give it notice that its right to charge the amount claimed is challenged, and will induce a cautious examination of the question, and an abandonment of the claim before a ruinous amount of penalties has been incurred." This decision was rendered December 12, 1871, and is the leading case upon the question before us. Mr. Rorer, in his work on Railroads, citing it, says: " Such action for the penalty is not given as a satisfaction to the party injured, but is given as a punishment for the misconduct of the company in violating the law, and to compensate the party for the expenses of suit. Hence, a recovery can be had but for one penalty, by the same party, for illegal exactions up to the time of commencing the action, however often the illegal action may have been repeated, unless the statute otherwise provides. The intention of the law is to prevent the wrong act of taking excessive rates, and with that intent requires, though not so expressed, that each penalty incurred shall be sued for as it occurs, so that if the act be an oversight, it may thereafter be guarded against by the carrier, and if from a misconstruction of the law, the carrier may be undeceived by a judgment going against him, and may cease to violate the statute. . . . The object of the statute is not so much to vindicate the individual right, as the public law." [1 Rorer on Railroads, pp. 576, 577, sec. 6.] Mr. Wait, in his work on Actions and Defenses [vol. 5, 164], quotes the doctrine of the decision without questioning its correctness. The same able court, in the earlier case of Sturgis v. Spofford, 46 N. Y. 446, in construing a statute giving a penalty against any person employing a person to act as pilot, not holding a license, held that but one penalty could be recovered, although such employment

was repeated for numerous ships.   Chief Justice Church, in the opinion, says: "It is a wholesome rule not to allow a recovery for aggregated penalties, unless the language of the statute clearly requires it.   Under this rule the party prosecuted will have an opportunity to desist from doing the act complained of, and if he does not, he will knowingly incur all the hazards of repeated prosecutions."

In Tennessee the supreme court hold the same doctrine.   In construing a statute similar to ours, it is said: "All the authorities agree that statutes like the one under consideration must be construed strictly.   .   .   . The inclination of the courts is, therefore, to construe such statutes as remedial; that is, as intended to redress an actual injury with a view to prevent its recurrence, and not as punitive, that is, as intended to punish whether the injury has accrued or not."   In referring to the Fisher case, *supra*, the court continues: "The plaintiff in this suit has brought before us precisely the case presented to the court of errors and appeals of New York under a similar statute.   The decision of that eminent tribunal commends itself to our judgment and sense of justice.   To allow a person to open a book account of penalties at an insignificant way station and run up a charge of $24,000   .   .   .   would shock the conscience, pervert the intention of the legislature, and turn a remedial into a highly punitive statute."   [Parks v. R. R. Co. 13 Lea, 1.]   We have found but two cases which even apparently contradict the doctrine of the decisions above referred to.   One is the case of Johnson v. R. R. Co. 2 Sweeney, 298, decided by the superior court of New York, April 30, 1870, prior to the decision in the Fisher case, *supra*.   In the Johnson case the decision is based upon the same statute discussed and construed in the Fisher case, and a conclusion directly contrary to that reached in the Fisher case is announced; that is, that any number of penalties, for separate acts of overcharge, occurring before institution of suit, may

be recovered by the same party.   The other case referred to, as apparently holding a doctrine in conflict with the Fisher case, is that of R. R. Co. v. Moore, 33 Ohio St. 384.   This Ohio case is decided with reference to the statute of that state, which statute is differently worded from the New York statute and the statute we are construing.   It cites the Fisher case, and points out the distinction between it and the case before the court, the distinction being that the Ohio statute gives to the party aggrieved a right to recover double the amount of the overcharges by way of .penalty or forfeiture, but in no *case* less than $25.   No such language is found either in the New York or in our statute.   The Ohio court say: "We are unable to see a substantial difference between the meaning of this language and that of a provision declaring that *in each and every case* of overcharge the forfeiture should not be less than $25."   As we view the Ohio case, while it apparently conflicts with the doctrine of the Fisher and other cases on that line, it in fact approves said doctrine, and but for the peculiar language of the Ohio statute would have held the same.   The Johnson case then, decided by the superior court of New York, *supra*, stands alone in support of appellant's proposition.   Whatever may have been the learning and ability of that court, its decisions are not entitled to and do not command the same weight and consideration as precedents as do those of the court of appeals, the latter being the court of last resort in that state.   Our conclusion is, that the weight of and the strength of the reasoning supports the counter-proposition of appellee, and that the court did not err in sustaining appellee's plea in bar.   Our statute, in no material respect, differs from the New York and Tennessee statutes, and we hold that it does not authorize the recovery by the same person of more than one penalty for any number of violations thereof, occurring prior to the institution of suit.

October 30, 1886.                                    Affirmed.