Tom Owazarzak v. Gulf, Colorado & Santa Fe Railway Company.

Decided January 15, 1903.

**1.—Railroads—Private Crossing in Right of Way Fence.**

Where a railway company acquired and fenced its right of way through certain inclosed lands in 1887, prior to the present statute relating thereto, it can not be required to make, at its own expense, openings or crossings in its fences for the use of the owner of the land. Rev. Stats., art. 4427.

**2.—Same—Acquiescence—Consideration.**

Plaintiff's allegations that the railway company had constructed and maintained for the use and benefit of the owner of the land an opening under its trestle, which opening had been used by the owner and his vendor with the acquiescence of defendant, did not show an obligation assumed by the defendant to maintain a crossing there, or that plaintiff had acquired any right in such crossing, and as plaintiff had no right therein, the surrender by him of the crossing furnished no consideration for a promise on the part of the company to construct a new one.

Appeal from the District Court of Washington.  Tried below before Hon. Ed. R. Sinks.

W. C. Henderson, for appellant.

J. W. Terry and Searcy & Garrett, for appellee.

PLEASANTS, Associate Justice.—Appellant brought this suit to recover damages from the appellee for the failure of the latter to construct and maintain an open crossing over its railroad within the inclosed land of appellant, and for a mandatory injunction requiring appellee to construct and maintain such crossing.  The court below sustained a general demurrer and several special exceptions interposed by the defendant to the petition, and the plaintiff declining to amend, his suit was dismissed.

The petition alleges that the plaintiff is the owner of certain described premises over and through which the defendant has constructed and its operating its railroad, and that it is necessary for the proper use and enjoyment of said premises that an open crossing with cattle guards and wing fences be constructed and maintained over said railroad.  The facts showing the necessity for such open crossing are fully set out in the petition.  It is further alleged that prior to the construction of its railroad, in 1879, the defendant acquired title to its right of way through plaintiffs premises by deed from the vendor of plaintiff, the then owner of said premises; that when defendant fenced its track and right of way in 1880, it left an open crossing under a bridge or trestle over which its said railroad is constructed, within plaintiff's said inclosure, and said crossing was constructed and maintained by the defendant at its own cost and expense continuously until the 15th day of October, 1899; that during all of said time the crossing so constructed and maintained by defendant was constantly used

and enjoyed by plaintiff and his vendor, and their use and enjoyment of the same was acquiesced in by the defendant; that on October 15, 1899, while the plaintiff was in the use and enjoyment of said open crossing, the defendant, being desirous of changing the grade of its roadbed and straightening same, through its agent in charge of the work of making such changes, proposed to plaintiff that if he would consent to the closing of said crossing by filling in the opening under said trestle, defendant would provide plaintiff with another open crossing without gates or bars and with cattle guards and wing fences at some other convenient point within plaintiff's inclosure; that relying upon said promise of defendant, plaintiff agreed that defendant might close said open crossing under said roadbed, and defendant did close the same; that in violation of its duty and promise to plaintiff, defendant has failed and refused to provide plaintiff with another open crossing within his said inclosure, and has placed gates at the crossing now maintained by it in plaintiff's inclosure. The prayer of the petition is for damages alleged to have been caused by the failure of defendant to maintain an open crossing, and for an injunction requiring such crossing to be constructed and maintained by the defendant.

Prior to the enactment of the statute of 1887 the owner of an inclosure traversed by a railroad had only the common law right of a way of necessity over such railroad. Under the common law such owner was entitled to a way reasonably convenient and sufficient to meet his necessities, but the railroad company was not required to construct and maintain such way at its own expense. While our courts have intimated that under the statute (art. 4427, Rev. Stats.) such owner is entitled to require the railroad company at its own expense to construct and maintain such crossing as may be necessary for the proper use and enjoyment of the premises (Railway Co. v. Chenault, 92 Texas, 505), it has been expressly held that the statute has no application where the right of way was acquired and fenced by the railroad company prior to the enactment of the statute, and that in such cases the railroad company can not be required to construct and maintain such crossing at its own expense. Railway Co. v. Roland, 70 Texas, 298; Railway Co. v. Ellis, 70 Texas, 307; Railway Co. v. Chenault, 24 Texas Civ. App., 481, 60 S. W. Rep., 55; Railway Co. v. Grier, 42 S. W. Rep., 1022; Railway Co. v. Hemphill, 46 S. W. Rep., 874.

It appearing from the petition in this case that the right of way through plaintiff's inclosure was acquired by the railroad company by deed, and that it had been fenced by the defendant prior to the Act of 1887, and it not appearing that there was any condition in the deed binding the railroad to construct or maintain a crossing, no right in plaintiff to require the defendant to construct and maintain a crossing at its own expense was shown, and the petition containing no offer by plaintiff to pay the cost of such crossing, the court did not err in sustaining the general demurrer.

The allegations that defendant had constructed and maintained for

the use of the owner of said premises an opening under its trestle, and that same had been used by plaintiff and his vendor with the acquiescence of defendant, were not sufficient to show that the defendant had assumed the obligation to maintain a crossing for such owner, or that the plaintiff had acquired any right in such crossing. It follows that the allegations as to the promise of defendant's agent to provide an open crossing for the plaintiff are insufficient to establish a contract on the part of defendant binding it to construct and maintain such crossing, because the facts alleged, failing to show any right in plaintiff to the crossing under defendant's trestle, the surrender of such crossing furnished no consideration for defendant's promise to construct a new crossing.

The judgment of the court below will be affirmed, and it is so ordered.

*Affirmed.*