## TOWN OF JACKSONVILLE v. McCRACKEN et ux. (No. 206–3290.)

(Commission of Appeals of Texas, Section A. June 15, 1921.)

**1. Appeal and error ⟜362(1)—Supreme Court cannot consider fundamental error not presented in application for writ of error.**

On writ of error, the jurisdiction of the Supreme Court is limited by Rev. St. 1911, art. 1546, to the questions of law presented in the application, and it cannot review even fundamental errors which are not so presented.

**2. Limitation of actions ⟜55(6)—Action for permanent injuries to land by operation of septic tank did not accrue until consequential damages occurred.**

Where the findings approved by the Court of Civil Appeals showed that the injury to plaintiff's land from a septic tank operated by a town resulted, not from the construction of the tank, but from the mode of operation, the statute of limitations did not begin to run against plaintiff's right to recover the depreciation in the value of his land resuting from the nuisance at the time of the construction of the tank, but only when the consequential damages resulting from its operation occurred.

**3. Nuisance ⟜50(2) — Depreciation in value of land recoverable for permanent nuisance.**

Where the injury to the land is only temporary, and the nuisance is capable of being abated, plaintiff can recover only depreciation in rental value or use of land which had occurred before the trial, but, if the nuisance is permanent and not subject to be abated, or if it is treated as permanent by the parties, the proper measure of damages is the depreciation in value of property.

**4. Appeal and error ⟜931(4) — Permanent nuisance presumed in support of judgment where no requests for submission of issue of permanence were made.**

Where defendant in action for damages caused by nuisance did not submit any charge embodying a request for finding as to whether the nuisance was permanent or for finding of damages if the nuisance was temporary, and the question whether the nuisance was permanent or temporary was a question of fact for the jury, it must be presumed in support of judgment allowing damages for permanent nuisance

that the trial court found that the nuisance was permanent, in view of Rev. St. 1911, art. 1985.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by J. L. McCracken and wife against the Town of Jacksonville, to recover damages for a nuisance. A judgment for plaintiffs was modified by the Court of Civil Appeals (197 S. W. 309), and both parties bring error. Judgment of Court of Civil Appeals reversed, and judgment of the trial court affirmed.

Lee G. Carter and Jno. O. Box, both of Jacksonville, for plaintiff in error.

Norman, Shook & Gibson, of Rusk, for defendants in error.

SPENCER, J. Plaintiffs, J. L. McCracken and wife, S. E. McCracken, filed this suit on December 2, 1915, against defendant, the town of Jacksonville, Tex., a municipal corporation, under the laws of this state, to recover damages alleged to have accrued by reason of the defendant maintaining a nuisance—the operation of a septic tank—on land adjacent to a 29-acre tract of land owned and occupied by plaintiffs.

Plaintiffs alleged that defendant erected and operated in connection with the sewerage system of the town a septic or disposal plant; that the outlet from this tank was discharged and emptied into a branch near their land and residence, which meandered through their premises and to within 75 feet of their residence; that the matter carried from the tank onto plaintiffs' premises polluted the air and scattered meningitis and other disease germs, contaminated the water in the branch, and made of their premises a breeding place for flies, mosquitoes, and other germ-carrying insects, and that as a result of these unwholesome conditions, their son Grady sickened and died, the health of plaintiff's family became impaired, causing loss of time to plaintiffs and the expenditure of money for medicine and medical attention, and that the continuation of this nuisance which is permanent, has permanently depreciated the value of their premises.

On special issue submitted to it, the jury found that the sickness of plaintiffs and their children and the death of their son Grady was caused from the operation and maintenance of the septic tank; that the erection of the tank did not decrease the value of plaintiff's property, but that before the operation of the tank the value of the premises was $3,300, and that after the operation of it the value was $1,500, due to the nuisance; that plaintiffs had paid $100 for medicine and medical services; that the value of the time lost by plaintiffs by reason of

---

sickness was $100; and that $3,000 would compensate plaintiffs for the death of their son Grady. Upon these findings as a basis, the court entered judgment for plaintiffs in the sum of $5,000, but refused the prayer for a mandatory injunction restraining the defendant in the use of the septic tank.

Upon appeal the Court of Civil Appeals held that the evidence was sufficient to sustain the judgment that the death of the son was caused by the maintenance of the septic tank, and also that the evidence was sufficient to make an issue of whether the alleged nuisance existed and was regularly occurring, and therefore permanent, but held that, as the structure was permanent and became a continuing nuisance from the beginning of its operation, the depreciated market value of the plaintiffs' property was susceptible of ascertainment when the use of the sewer began in September, 1913, and that therefore the statute of limitations began to run from that time. It therefore reversed the judgment in so far as allowing recovery of damages to the land was concerned, and entered judgment in that respect for defendant, and otherwise affirmed the judgment. 197 S. W. 309.

Application for writ of error was sued out by both plaintiffs and defendant.

Although not assigned as error in the application for the writ, defendant asserts that the judgment against it on account of the death of Grady McCracken is fundamentally erroneous for the reason that a municipal corporation is not a "person" or "corporation" within article 4694, Revised Civil Statutes 1911, giving action for death caused by the wrongful act of another person or corporation

[1] The Supreme Court is without jurisdiction to review fundamental errors, unless presented in the application for the writ, being confined by statute in its jurisdiction to the questions of law presented in the application for writ of error. Article 1546, Revised Civil Statutes 1911; Link v. City of Houston, 94 Tex. 378, 59 S. W. 566, 60 S. W. 664; Railway Co. v. Robertson et al., 103 Tex. 504, 121 S. W. 202, 131 S. W. 400, Ann. Cas. 1913A, 231; Scalfi v. State, 96 Tex. 559, 73 S. W. 441.

The case of Harris v. Petty, 66 Tex. 514, 1 S. W. 525, relied upon by plaintiffs in support of their contention that it is the duty of the Supreme Court to consider errors apparent of record, even though not assigned in the application for the writ, was decided under article 1033 of the Revised Statutes of 1879, which made it the duty of the Supreme Court to determine questions of law, either assigned or apparent of record; but the present article is a limitation of that duty. Neither the holding in Railway Co. v. Chenault, 92 Tex. 501, 49 S. W. 1035, nor that in the case of Coal Co. v. Lawson, 89 Tex. 394,

32 S. W. 871, 34 S. W. 919, cited by plaintiff, supports their contention. An examination of the application for writ of error in the Chenault Case discloses that the fundamental error considered there was presented in the writ. In the Lawson Case, the Supreme Court expressly declared it unnecessary to construe the statute. It is obvious from a review of the decision why it was unnecessary. The foundation of that suit was an illegal contract. The illegality of the contract was not directly assigned as error, but the court found that the special exceptions to the pleadings, which were the subject of the assignments in the writ and upon which the court was called upon to pass, involved the general objection to the contract's legality, and this, of course, made a decision as to its legality necessary without regard to any question of fundamental error.

[2] The Court of Civil Appeals held that plaintiffs' right of action for damage to their land was barred by the two-year statute of limitation, because such damage was susceptible of ascertainment when the use of the septic tank began in September, 1913. The construction of the tank was upon land owned by the city. Its existence or operation did not necessarily create a nuisance to plaintiffs, nor was its operation primarily injurious. It only became so by the manner of its negligent or wrongful use. The jury found that the operation or use of the tank did not begin to become offensive to plaintiffs to such an extent as to affect them in the comfort and enjoyment of their home until July, 1914. No cause of action in favor of plaintiffs in error arose until this consequential injury resulted; therefore the statute of limitation did not begin to run until this invasion to plaintiff's property upon that date. Grossman v. Railway Co., 99 Tex. 641, 92 S. W. 836; Parsons v. Light Co., 106 Tex. 212, 163 S. W. 1, L. R. A. 1916E, 960.

[3] Defendant urges that, as there is no permanent injury to plaintiffs' land, and that as the cause of the injury is subject to being abated, therefore the measure of damage to be applied is such depreciation in its rental value or use as had occurred up to the time of the trial of the action, and not the depreciation in its market value. If the injury to the land is only temporary, and the nuisance also temporary and capable of being abated, then the defendant's contention must be sustained. But if the nuisance is of a permanent character and not subject to be abated, or if it is treated as permanent by the parties, or if the injury to the land is permanent and irremediable, the proper measure of damages to be recovered is the depreciation in the value of the property. Baugh v. Railway Co., 80 Tex. 56, 15 S. W. 587; Railway Co. v. Anderson, 79 Tex. 427, 15 S. W. 484, 23 Am. St. Rep. 350.

The effect of the jury's finding is that it was not the erection of the tank, nor its operation in a proper manner that caused the injury, but that it was the overburdening of the tank, or its improper use, that created the nuisance resulting in damage.

[4] It is true that defendant objected to the special issues submitted to the jury, the answers to which formed the basis of a judgment as for a permanent nuisance; but it did not request a special charge embodying issues to determine whether the nuisance could, without unreasonable expense to the party creating it, be abated, or whether the parties treated the nuisance as permanent. Neither did it submit a charge embodying a request for finding as to the amount of damages sustained as for a temporary nuisance.

In a case of this character, it is a question of fact for the jury to determine whether the nuisance is permanent, or is so treated by the parties (City of Paris v. Allred, 17 Tex. Civ. App. 125, 43 S. W. 62, writ of error denied), and the issue not having been submitted, nor its submission requested, it will be deemed as found by the trial court, in support of its judgment; that is, that the nuisance was permanent or treated so by the parties (article 1985, Revised Civil Statutes 1911). The honorable Court of Civil Appeals found that the evidence was sufficient to raise the issue.

We recommend that the judgment of the Court of Civil Appeals reforming and affirming the judgment be reversed, and that the judgment of the trial court be in all things affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

GREENWOOD, J., not sitting.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes